Moncure, P.,
delivered the opinion of the court.'
This is a writ of error to a judgment of the circuit court of Roanoke county, affirming a judgment of the county court of said county, convicting the plaintiff in error, Charles Walker, of felony. He is indicted for-an offence defined in sections 12 and 13, of chapter 188, page 1195, of the Code, which, so far as it is material to state them here, are, in effect, as follows: If' a person shall, in the night, enter without breaking, or shall in the day time break and enter, a dwelling-house, &c., with intent to commit larceny, &c., he shall be confined in the penitentiary not less that one nor-more than ten years, or, at the discretion of the jury,, be confined in jail not less than one nor more than twelve months. The indictment contained two counts.. In the first it was charged that the accused did, on the-31st day of December 1875, in the night time of that day, feloniously enter, without breaking, the dwelling house of one George Keagy, situate in said county,, with intent the goods and chattels of the said George Keagy, in the said dwelling-house then and there being, feloniously to steal, take and carry away; and did then and there feloniously steal, take and carry away,, various articles of different values enumerated and described in the count, of the goods and chattels of' the said George Keagy, then and there being found in the said dwelling house. In the second count theoffence was charged as in the first, except that in the-second it was charged that the accused did in the day time feloniously break and enter the said dwelling-house, with intent, &c.
Issue was joined on the plea of not guilty, on which the jury found a verdict in these words: “We, the-jury,'find the prisoner, Charles Walker, guilty, in man *971 ner and form as in the indictment alleged against him, and fix his term of imprisonment at five years in the penitentiary of this state.” And judgment was there- ■ upon accordingly rendered against him. That judgment was affirmed by the circuit court of said county, on a writ of error obtained thereto. To the judgment of the circuit court the accused applied to a judge of this court for a writ of error, which was accordingly awarded; and that is the case we now have under consideration.
But one error was assigned in the judgment, either of the county or the circuit court; and that error consists in the refusal of the county court to give an instruction which was asked for by the accused. An exception was taken to the action of the county court in that respect, and a bill of exceptions was accordingly signed, sealed and made a part of the record in the case. It states that on the trial of the indictment, after the jury were empannelled to try the same, and the commonwealth had introduced evidence tending to maintain the issue on her part, and had closed her case, the prisoner, by his attorney, moved the court to give the jury an instruction, which is in the words and figures following, to wit: “The court instructs the jury that mere possession of the stolen goods mentioned in the indictment, by the prisoner, is not sufficient to give prima facie evidence of the charge in said indictment contained, and that unless the jury believe from other evidence than the evidence adduced before them, tending to show that the prisoner was in possession of the said goods, that the prisoner broke and entered, or entered without breaking, the dwelling house in the said indictment mentioned, with intent to steal therefrom, the jury cannot find the prisoner guilty of the charge in the said indictment contained;. *972 though the jury may on said evidence find the prisoner guilty of petit larceny.” Which motion the court overruled, and refused to give the said instruction, &e.
The object of the prisoner’s counsel, in asking for the said instruction, was to have the jury informed by the court that the rule of evidence, which certainly applies to simple larceny, in regard to the effect of the accused being found in possession of the stolen property recently after the larceny thereof, does not apply to a case of compound larceny, as where larceny is a component part of the offence of burglary or housebreaking.
The rule referred to, at least in its application to simple larceny, is thus laid down in 2 Russell on Crimes, edition of 1857, page 128. Upon proof of a larceny having been committed, and of the goods stolen having been found shortly afterwards in possession of the prisoner, “the general rule will attach, that wherever the property of one man, which has been taken from him without his knowledge or consent, is found upon another, it is incumbent on that other to prove how he came by it, otherwise the presumption is, that he obtained it feloniously. This rule, founded on the necessity of the case, which cannot admit offences of this kind to go unpunished, wherever •positive and direct evidence is wanting of the guilt of the party, will probably seldom lead to a wrong conclusion if due attention be paid to the particular circumstances by which such presumption may be weakened or entirely destroyed. Among the most prominent of these will be the length of time which •elapsed between the loss of the property and the finding of it in the possession of the prisoner; the probability of the prisoner’s having been at the time of the *973 theft near the place from which the property was taken; and more especially the conduct of the prisoner, from first to last with respect to the property ■ found in his possession, and the charge brought against him of having obtained .it by stealing.” 2 East P. O., c. 16, § 98, p. 656, and Phil, on Ev. 168, 7th edition, are cited in a note to the passage above quoted.
The rule is laid down in the same words in Davis’s Criminal Law, page 193.
In 3 Greenleaf on Ev., § 31, that writer says: “ We have heretofore adverted to the possession of the instrument or the fruits of a crime as affording ground to presume the guilt of the prisoner; but on this subject no certain rule can be laid down of universal application, the presumption being not conclusive but disputable, and therefore to be dealt with by the jury alone as a mere inference of fact. Its force and value will depend on several considerations. In the first place, if the fact of possession stands alone, wholly unconnected with any other circumstances, its value or persuasive power is very slight, for the real criminal may have artfully placed the article in the possession or upon the premises of an innocent person, the better to conceal his own guilt, whether it be the instrument of .homicide, burglary or other crime, or the fruits of robbery or larceny; or it may have been thrown away by the felon in his flight, and found by the possessor, or have been taken away from him in order to restore it to the time owner; or otherwise have come lawfully into his possession. It will be necessary therefore for the prosecutor to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction ; such as the previous denial of the possession *974 the party charged, or his refusal to give any explanation of the fact, or giving false or incredible accounts of the manner of the acquisition, or that he has attempted to dispose of it, or to destroy its marks,” &c., “or other circumstances naturally calculated to awaken suspicion against him, and to corroborate the inference of guilty possession.”
And in section 56 of the same volume that writer further says, on the same subject: “Actual participation in the crime may be shown by the guilty possession of goods proved to have been in the house at the time of the act done, even though such possession may amount to ánothér felony.” Rex v. Rickmer, 2 East P. C. 1034, cited in note.
And in section 34 of the first volume of the same work, the author says: “ But possession of the fruits of crime recently after its commission is prima facie ■evidence of guilty possession; and if unexplained either by direct evidence, or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it is taken as conclusive. This rule of presumption is. not confined to the case of theft, but is applied to all cases of crime, even the highest and most penal. Thus, upon an indictment for arson, proof that property which was in the house at the time it was burnt was soon afterwards found in the possession of the prisoner, was held to raise a ■probable presumption that he was present and concerned in the offence. The like presumption is raised in the case of murder accompanied by robbery, and in the case of the possession of an unusual quantity of •counterfeit money.”
In 3 Rob. Pr., old edition, page 224, that writer •says': The possession of stolen goods creates a pre *975 sumption that the person found in possession of them is the thief. Bennet’s case, 2 Const. Rep. 692.
“In Millard’s case, 1 Mass. R. 6, the indictment was for breaking and entering a shop in the night time, ■and stealing therefrom divers goods, wares &c. Upon the trial it was proved that part of the goods stolen from the shop were found in the possession of the defendant. The judge who presided at the trial instructed the jury that this was presumptive evidence, not only that the defendant stole the whole of the articles taken from the shop, but also of his breaking and entering, as alleged in the indictment, unless the defendant would give some reasonable account how he came by these goods. This he did not attempt to do; and the jury found the defendant guilty of the whole •charge.”
On the other hand, the counsel for the plaintiff in error, in insisting in his petition that the county court erred in refusing to give the said instruction, coutends that “ mere possession of stolen goods is not sufficient to give even prima facie evidence of burglary or of house-breaking;” and to sustain his position makes the following references: Whar. Am. Cr. Law, § 729; Burrill Cr. Ev. 456; People v. Davis, 1 Park. Cr. Ca. 447-451; 2 Bishop Cr. Pro. § 747, note 3. We have •examined the books here referred to, or such of them ■as we had access to, and they certainly tend to sustain the position contended for.
There has been no decision of the question in this state, either of the late general court or of this court. Though there have been one or more decisions of this •court in which the general rule before referred to has been recognized in' its application to cases of simple larceny; but nothing has been said in any case in this •state which we have seen, in regard to its application *976 to a compound offence, such as burglary or feloniously breaking or entering a house, of which larceny may be a component part. The cases in this court which have a bearing on the general rule, in its application to a case of simple larceny, are Hunt’s case, 13 Gratt. 757; Wash’s case, 16 Id. 530; and Price’s case, 21 Id. 846. In Hunt’s case it was held that in a case of larceny of goods, which had been actually lost, the mere-possession of the goods does not furnish any conclusive, or even prima facie proof of guilt; of itself it does not raise the suspicion of guilt. The case is valuable for the light which it throws on the subject of larceny in the 'finder of goods actually lost. Wash’s-case is valuable, among other things, for the light which it throws on the subject of presumption of law and fact; treating the presumption arising from the-recent possession by the accused of goods proved to-have been stolen, as one of fact and not of law. In Price’s case the rule in its application to a case of larceny and its extent and effect are fully stated.
Thus it appears that it is by no means a settled question, at least in this state, that the general rule referred to is confined to cases of simple larceny, and does not extend to a case like the present.
But it is not necessary, and therefore is not intended, to decide the question in this case. We will proceed to consider this case upon the admission pro hac vice, that the rule applies only to cases of simple larceny. And upon that admission let us enquire whether the county court erred in refusing to give the instruction asked for? Let us now look at it again. It is “that mere possession of the stolen goods, mentioned in the indictment, by the prisoner is not sufficient to give prima facie evidence of the charge in, said indictment contained,” &e. A fatal objection. *977 to this part of the instruction is, that it is a mere abstraction, and is not warranted by any evidence which appears to have been before the jury on the trial. Hone of the evidence is set out in the record. It is only stated in the bill of exceptions in regard to evidence, that after the jury were empannelled to try the indictment, “and the commonwealth had introduced evidence tending to maintain the issue on her part, and had closed her case, the prisoner, by his attorney, moved the court to give the jury an instruction,” &c. What was the evidence so introduced does not appear. It may have been sufficient to prove, not only that the offence charged in the indictment was actually committed, but that the accused committed it; and that, too, independently of any presumption arising from the recent possession by him of the stolen property. If it was in fact so sufficient, it was then, certainly, a pure abstraction, “that mere possession of the stolen goods mentioned in the indictment by the prisoner is not sufficient to give prima fade evidence of the charge in said indictment contained,” &c. If there was in fact no other evidence before the jury to connect the prisoner with the offence charged in the indictment, than the mere posession by him of the stolen goods in the indictment mentioned, that fact ought, certainly, to have appeared in the record to warrant the giving of the instruction asked for, and as it does not so appear, the court did not err in refusing to give it.
Again, the instruction asked for thus further proceeds: “and that unless the jury believe, from other evidence than the evidence adduced before them tending to show that the prisoner was in possession of the said goods, that the prisoner broke and entered, or entered without breaking, the dwellin-ghouse in the said indictment mentioned, with intent to steal there *978 from, the jury cannot find the prisoner guilty of the charge in the said indictment contained, though the jury may on said evidence find the prisoner guilty of petit larceny.” Now it is very clear, that even though, the mere possession of the stolen property might not be even prima facie evidence of the offence charged in the indictment, yet certainly the recent possession of the stolen property is admissible and very important evidence in the case, and, in connection with the other evidence in the case, may have been amply sufficient to warrant the prisoner’s conviction. The instruction asked for altogether .ignores this important evidence, and treats it, not only as insufficient to convict, but also as inadmisssible. It requires, in order to the prisoner’s conviction of the offence charged, that the jury should believe “from other evidence than the evidence adduced before them tending to show that the prisoner was in possession of the said goods, that the prisoner broke and entered, or entered without breaking, the dwelling-house in the said indictment ■mentioned, with intent to steal therefrom.”
We are therefore of opinion that the court did not err in refusing to give the said instruction; that there is no error in the judgment of the circuit court, affirming that of the county court; and that the said judgment of the circuit court must be affirmed.
Judgment appirmed.