**Richmond.**

TALIAFERRO (NELLY) v. THE COMMONWEALTH.

April 12th, 1883.

1. CRIMINAL PROCEEDINGS—*Possession of Stolen Goods—Larceny.*—It is well settled that the exclusive possession of goods recently stolen, unaccompanied by a reasonable account of how the possession was acquired, creates a presumption that the possessor is a thief, and is sufficient to warrant his conviction of larceny.

2. IDEM—*Idem—Burglary.*—But it has never been decided in this state that such possession is even *prima facie* evidence of guilt in cases of burglary and house-breaking. The question was discussed, but not decided in *Walker's Case*, 28 Gratt. 969. The contrary is laid down by several authorities.

3. IDEM—*Idem—Case at bar.*—K.'s dwelling is broken open and her goods stolen therefrom. Next day the goods are found on a bed in a room occupied by prisoner and another woman, P., whose friend often came and spent the night there. On the second day prisoner sold the goods, worth $9, for seventy-five cents, and said she got them of P., but made contradictory statements. Prisoner was indicted for burglary, and convicted of house-breaking.

HELD:

1. Even in cases of simple larceny, in order to raise the presumption of guilt from the possession of stolen goods, it is necessary that they be found in the exclusive possession, and subject to the exclusive control of the accused. Such was not so here.

2. Prisoner's conflicting statements as to how she came by the goods, certainly excite a strong suspicion against her, yet the testimony is insufficient to establish her guilt of burglary or house-breaking.

Error to judgment of corporation court of Lynchburg, rendered November 3d, 1882, overruling the motion of Nelly Talia-

ferro (a colored woman) to set aside the verdict of the jury finding her guilty of house-breaking, with intent to commit larceny, and fixing the term of her imprisonment in the state penitentiary at two years, and to grant her a new trial. The facts are fully stated in the opinion of the court, and indicated in the syllabus.

*Thomas Whitehead,* and *L. S. Marye,* for the appellant.

*Attorney-General F. S. Blair,* for the commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted for burglary. The jury returned a verdict of guilty of house-breaking with intent to steal, and ascertained her punishment at two years' confinement in the penitentiary. A motion for a new trial was overruled by the court, and sentenced pronounced in accordance with the verdict. Thereupon, by writ of error, the case was brought to this court.

The question to be considered is, whether the facts proved, as certified in the record, warrant the conviction.

At the trial, it was proved that the day after the offence was committed, the goods specified in the indictment as having been stolen from the house in question were seen in a room of a neighboring house, which was occupied jointly by the accused and another woman, Louisa Poindexter, and that the following day they were sold by the accused, she saying that she had gotten them from Louisa Poindexter, and giving other and conflicting statements as to how she came by them. The goods consisted of two bed-quilts and a bolster, and when seen, the day after they were stolen, were spread on a bed in the room occupied by the accused and Louisa Poindexter. But it does not appear that the bed was occupied by the accused, and it was proved that a negro man, the paramour of Louisa Poindexter,

was in the habit of visiting the room and staying there all night. These are all the facts certified necessary to be noticed.

It is well settled that possession of goods recently stolen creates a presumption that the person found in possession of them is the thief. This has often been held in cases of simple larceny, and is laid down by all the text writers upon the subject of approved authority. But it has never been decided in this state that such possession is even *prima facie* evidence of guilt in cases of burglary and house-breaking. The question was discussed, but not decided, in *Walker's Case*, 28 Gratt. 969. The contrary is laid down by Wharton, 2 Crim. Law, section 1605; Burrill Civ. Ev. 456; *People* v. *Davis*, 1 Park. Cr. Ca. 447 to 451; 2 Bishop. Crim. Pro., section 747, note 3. And even in cases of simple larceny, in order to raise the presumption of guilt from the possession of the stolen goods, it is necessary that they be found in the exclusive possession and subject to the exclusive control of the accused. 1 Whart. Crim. Law, section 728; 3 Greenl. Evidence, section 33; *Price's Case*, 21 Gratt. 869.

These authorities are conclusive of the present case. Here, the goods stolen from the house in which the plaintiff in error was charged with having committed burglary, when first seen the day after the larceny, were not found in her exclusive possession or subject to her exclusive control. It is true that they were *afterwards* in her possession, and were sold by her, she saying that she had gotten them from Louisa Poindexter. And while her conflicting statements as to the way in which she came by them certainly create strong suspicion against her, we do not think the testimony sufficient to establish her guilt of the crime of burglary, for which she was indicted, or of house-breaking, of which she was convicted. We have been referred to no case, and are aware of none, in which under like circumstances the accused has been held guilty of either of those offences. The humane rule of the law is to presume every man innocent until his guilt of the offence charged is established clearly and to the exclusion of a reasonable doubt. Such has not been done in this

case. And the result is that the judgment of the court below must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

The order is as follows:

This day came as well the plaintiff in error, by her counsel, as the attorney-general on behalf of the commonwealth, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion for reasons stated in writing and filed with the record, that the facts proved as certified in the transcript of the record do not warrant the conviction of the plaintiff in error, and that the said judgment of the said corporation court is erroneous. It is therefore considered that the said judgment be reversed and annulled, the verdict of the jury set aside, and a new trial be awarded the prisoner. Which is ordered to be certified to the said corporation court of the city of Lynchburg.

JUDGMENT REVERSED.