# CHARLESTON.

### State *v.* Reece.

Submitted January 15, 1886.—Decided February 6, 1886.

1. An indictment for breaking and entering a storehouse not adjoining a dwelling-house with intent to commit larceny,

which fails to state the ownership of the storehouse so broken and entered, is fatally defective.  (p. 377.)

2. If such indictment contains sufficient averments to make it a good indictment for grand larceny, the charges in regard to the breaking and entering the storehouse may be treated as surplusage, and a conviction upon the indictment may be sustained.  (p. 377.)

3. The possession of stolen goods is a circumstance tending to show that the person found in the possession is the thief, and the jury may consider it in connection with all the other attending circumstances and facts in proof, but of itself it is not *prima facie* evidence of guilt.  (p. 379.)

4. An indictment for larceny charges that the goods stolen were the property of Robert Buster, while the proof shows that the owner of the goods was James Robinson Buster, sometimes called Rob., Robin and Bob. Buster, to which names he answered.  HELD:

In the absence of evidence to show that the owner of the goods was some other person than the one named in the indictment the variance is not fatal.  (p. 379.)

5. A case in which the action of the trial-court refusing to set aside the verdict upon the alleged ground, that it was contrary to the evidence, is sustained and confirmed by this Court.

*J. H. McGinnis* and *L. D. Isbell* for plaintiff in error.

*Alfred Caldwell*, Attorney-General, for the State.

SNYDER, JUDGE:

Joseph Reece was on February 27, 1885, indicted for felony in the circuit court of Fayette county.  He demurred to the indictment, and his demurrer being overruled he pleaded not guilty; the case was tried by jury and a verdict of guilty returned, which the defendant moved the court to set aside, but the court overruled his motion and sentenced him to the penitentiary for five years.  The defendant excepted to the action of the court refusing him a new trial and saved a bill of exceptions, in which all the facts proved are certified.

The indictment charges "that Joseph Reece on December 21, 1883, in said county, a certain storehouse, not adjoining to or occupied with the dwelling-house of one Robert Buster, there situate, in the night-time, did feloniously break and enter with intent the goods and chattels of the said Robert Buster, in the storehouse then and there being, feloniously to steal, take and carry away; and one overcoat," &c., (specifying

various articles of goods and stating their aggregate value at $70.00,) "of the goods and chattels of the said Robert Buster, in the said storehouse then and there found, then and there feloniously did steal, take and carry away, against," &c.

It will be observed that this indictment wholly fails to state the owner of the storehouse in which the offence was committed. It merely states that it was "a certain storehouse, *not adjoining the dwelling house of Robert Buster*, there situate," &c. If the storehouse had been ten miles from the dwelling house of Buster and had been owned by the accused, these facts would be entirely consistent with the indictment. It is essential to state the ownership of the house entered in cases of burglary. 1 Whart. Cr. L., sec. 816. The statutory offence of entering a store or house not occupied or in connection with a dwelling-house is in its essential ingredients the same as burglary and every reason which would require an indictment to state the ownership of the house in the one case would likewise require it in the other. Such statement is indispensable in either case. This indictment therefore is fatally defective so far as it attempts to charge an offence under the provisions of secs. 12 and 13 of ch. 145 of the Code, as amended by ch. 148, Acts of 1882. But treating that part of the indictment as surplusage, I am clearly of opinion that it is a good and sufficient indictment for grand larceny under the fourteenth section of said chapter. *State* v. *Howes*, 26 W. Va. 110; *Madame Restell's Case*, 1 Com. 379.

The penalty for the offence defined under the fourteeth section is the same as that sought to be charged in this case under the thirteenth section of said chapter, and consequently the two offences are felonies of the same grade. The court therefore properly overruled the demurrer to the indictment.

The verdict found "the goods stolen to be of the value of $30.00," which is sufficient to constitute grand larceny under the statute. Sec. 14, ch. 145, Code, p. 683.

It is contended, however, that the facts proved were insufficient to warrant the verdict, and that therefore the court erred in refusing to set aside the verdict and award the defendant a new trial.

The defendant offered no evidence whatever on the trial and the State proved, that on the night of December 23, 1883, the storehouse of James Robinson Buster, in Fayette county, was broken and entered and the goods mentioned in the indictment, the property of said Buster, of the value therein charged, were feloniously taken and stolen therefrom; that the entry into said house was effected through a window, a part of which had been cut away; the defendant was a mechanic and had done work on said house and constructed the window through which the entry was made; the defendant was seen late that night at Coal Valley about two miles from said storehouse; he and one Smith came from Coal Valley to Armstrong bridge, a place distant from the storehouse about a quarter of a mile; upon nearing said bridge they met a boy, one Adkins, who remarked to defendant: "I began to think you were not coming back to-night?" Smith then left the defendant and Adkins, he going up Armstrong creek and they up the road in the direction of the storehouse which was by the side of the road on the way to defendant's home which was about six miles from said bridge; the storehouse stood between two villages, about three-fourths of a mile apart, to and from which there was much travel; that six or eight months after the breaking a part of the stolen goods was found in the defendant's possession and he was then arrested. After being confined in jail six or eight months, the defendant with five other prisoners, broke jail and escaped therefrom; subsequently he was returned to jail by one Rollins who proved that his capture was effected by a mutual agreement between him and the defendant by which the wife of defendant was to receive a portion of the reward offered for his capture; shortly after his return to jail defendant wrote a postal card to Rollins as follows:

"FAYETTEVILLE, W. VA., August 27, 1885.
"MR. ROLLINS:

"DEAR SIR:—I want you to be sure and see Mr. Buster about what we was talking about, and write and tell me what he said; tell me if you and him come to any conclusion; write and tell me all the news; write nothing you wish not

to be known, for all our letters are read before we get them, so write soon.

"Yours respectfully,

"J. S. REECE."

Rollins testified that he understood this postal to refer to a proposition, which had been made by the son of Buster, the prosecuting witness, to him, and which he had communicated to the defendant, to the effect that if the defendant would surrender himself to the said son, he (the son) would give defendant $50.00 and keep his father from testifying against him on his trial. The owner of the goods stolen testified that his name was James Robinson Buster, that sometimes he was called Rob., Robin and Bob. and that he accepted and answered to these names; and it is certified that there was no evidence offered to prove that there was any other person of the name of Robert Buster. These are all the facts proven.

It is certified directly and positively that the goods of James Robinson Buster mentioned in the indictment, of the value therein charged, were feloniously taken and stolen from the storehouse. Thus the *corpus delicti* is established beyond question. The only other fact to be established is, that the defendant was the party who committed the offence.

While the possession of stolen goods, especially at a remote time after the larceny, is not, in this State, *prima facie* evidence that the possessor is the thief, even when unaccompanied by a reasonable explanation of how the possession was acquired, still evidence of such possession is admissible and proper to be considered by the jury, in connection with other evidence and circumstances appearing on the trial. *State* v. *Heaton,* 23 W. Va. 773—793; *Walker's Case,* 28 Gratt. 969, 973; 3 Greenl. Ev. §§ 31, 32; *Tolliaferro* v. *Commonwealth,* 77 Va. 411.

In 3 Rob. (old) Pr. 224, the writer says: "The possession of stolen goods creates a presumption that the person found in possession of them is the thief."

In 2 Bishop on Cr. Pro., §§ 743, 744, the author says: "The doctrine that recent possession shifts the burden of proof from the State to the defendant is contrary to what we have seen to be the better view, that in criminal trials upon the

general issue of not guilty, such burden never changes. But if it could change, the fact of recent possession is not distinguishable in reason from any other pertaining to circumstantial evidence, justifying its separation by the court from the rest of the testimony, to perform an office not competent to other inculpating facts. * * * * In general terms the strength of this evidence will vary with the nature of the thing stolen; so all the attending circumstances should be shown in connection with the fact of possession. And all should be taken into account by the jury." *Id.* § 745; *State* v. *Heaton, supra*; *Allen* v. *State*, 42 Tex. 517.

In this case in addition to the facts of the defendant's possession of a portion of the stolen property and the absence of any explanation of such possession, we have the other facts, that the defendant was familiar with the premises; he was in the vicinity of the storehouse on the night the offence was committed, and therefore had the opportunity to commit it; when arrested for the offence he broke jail and escaped therefrom; after surrendering himself for a consideration, which was in part that the prosecuting witnesses should not testify against him, he wrote a postal card, showing much solicitude in regard to whether the arrangement with the prosecuting witness would be adhered to, and cautions the person written to not to write anything he did not wish known. Taking all these facts and circumstances together, it seems to me it would be unwarrantable on the part of this Court to set aside the verdict of a jury founded upon them, and which had been approved by the trial-court.

It is further contended that a new trial should be granted for variance between the allegations and the proofs. The indictment charges the stolen goods to be the property of Robert Buster, while the proof is that the owner of the goods was James Robinson Buster, who was sometimes called Rob., Robin and Bob. Buster, and that he accepted and answered to these names. I do not think this is a material variance—it not appearing that the owner of the goods was another and a different person, the variance is clearly not fatal. 1 Whart. Cr. L. § 934; Whart. Cr. Ev. §§ 94, 95, 96.

For the reasons aforesaid the judgment of the circuit court must be affirmed.

AFFIRMED.