GARY WAYNE NEWCOMB

*v.*

IRA M. COINER, *Warden, etc.*

(No. 12976)

Submitted September 15, 1970.    Decided December 18, 1970.

654

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for plaintiff in error.

*Don A. Barr,* for defendant in error.

CAPLAN, JUDGE:

The petitioner, appellee here, instituted an action in habeas corpus in the Circuit Court of Marshall County seeking his release from the state penitentiary. Therein he alleged that the indictment upon which he was convicted was fatally defective in that it did not sufficiently allege the ownership of the premises he is charged to have broken and entered. The trial court agreed with the position of the petitioner but held that the indictment was sufficient to support a conviction for

petit larceny. However, reasoned the court, the petitioner having already served the maximum sentence for the crime of petit larceny was entitled to his release from custody. Such was the judgment of that court and from that judgment the respondent below sought a writ of error and supersedeas.

Gary Wayne Newcomb, the appellee, was indicted at the February Term, 1967, of the Circuit Court of Berkeley County, being charged with the crime commonly referred to as breaking and entering. Describing the building alleged to have been illegally entered the indictment read, "a certain building, not a dwelling house or outhouse adjoining thereto or occupied therewith, to-wit, a storeroom, used and occupied by Robert P. Mace, trading and doing business as Mace's Grocery, situate in said County and State, unlawfully, feloniously and burglariously did break and enter."

Following a plea of guilty to the indictment, conviction on said plea, a period of confinement in the West Virginia Forestry Camp and a short period on probation, which was revoked after a violation thereof, the appellee was sentenced on August 1, 1969 to confinement in the state penitentiary for a term of one to ten years. On March 9, 1970 Gary Wayne Newcomb filed a petition for a writ of habeas corpus in the Circuit Court of Marshall County, alleging that the indictment to which he had pled guilty was void and that he should therefore be released from custody. The circuit court on April 8, 1970, after a hearing, entered an order finding that the indictment was fatally defective by reason of its failure to allege the ownership of the premises broken and entered. The respondent below sought and was granted a writ of error and supersedeas in this Court and the case is being considered on a motion to reverse filed by the appellant.

The single issue before us on this appeal is whether an indictment for the crime of breaking and entering, describing the premises as, "a storeroom, used and occupied by Robert P. Mace, trading and doing business as Mace's Grocery," is fatally defective because of an insufficient allegation of the ownership of the premises broken and entered.

In *State v. Reece,* 27 W.Va. 375, upon which the appellee principally relies, the Court held that an indictment for breaking and entering a storehouse not adjoining a dwelling house with intent to commit larceny is fatally defective if it fails to state the ownership of the storehouse so broken and entered. The indictment in that case charged that Reece broke and entered "a certain storehouse, not adjoining to or occupied with the dwelling-house of one Robert Buster, there situate * * *". The Court, as noted, held that this indictment in failing to allege ownership was fatally defective. The author of that opinion said of the indictment "it merely states that it was 'a certain storehouse, *not adjoining the dwelling house of Robert Buster,* there situate,' &c. If the storehouse had been ten miles from the dwelling house of Buster and had been owned by the accused, these facts would be entirely consistent with the indictment. It is essential to state the ownership of the house entered in cases of burglary."

It is evident from the language of the Court in the *Reece* case that the allegation of ownership is essential for the purpose of identifying the building broken and entered, not for the purpose of showing title.

Certainly in the *Reece* case it is understandable that the indictment, insofar as it charges breaking and entering, would be held void. It accused Reece of having broken and entered a storehouse not adjoining the dwelling of Buster. This could be any storehouse anywhere. The storehouse is in no way identified so as to permit the accused to know against what he is to defend; nor was it alleged to have been in the possession of or occupied by anyone. We believe that the Court used the word ownership in a manner to require a showing of the possession or occupancy of someone other than the accused. The language in that case does not require the word "ownership" to mean title ownership. In the case of *State v. Betsall,* 11 W.Va. 703, the Court held that an indictment for breaking and entering was sufficient which described the barn broken into as the property of the lessee even though there was a showing in the case that the barn was owned by another. See also *State v. Hill,* 48 W.Va. 132, 35 S.E. 831 and *State v. Jones,* 84 W.Va. 85, 99 S.E. 271.

Ownership, in relation to the building involved in an indictment for breaking and entering, means possession or occupancy, not title. 12 C.J.S., *Burglary*, Section 26. Therein the writer said: "* * * the specific ownership of a building involved in the crime of burglary is not an essential element of the offense, and title, as far as the law of burglary is concerned, follows the possession, and possession constitutes sufficient ownership as against the burglar. For the purposes of the offense the occupant of the premises is the owner, so that the lessor of a house may be guilty of burglary in breaking and entering the house while it is occupied by the lessee. * * * A special ownership or interest in the premises burglarized is sufficient."

In *Sedlacek v. State of Nebraska*, 147 Neb. 834, 25 N.W.2d 533, 169 A.L.R. 868, the Court said "an allegation of the ownership as such is immaterial save for the purpose of identifying the property where the crime allegedly was committed". In *Bradley v. State of Indiana*, 244 Ind. 630, 195 N.E.2d 347, the Court held that "Specific ownership of building involved is not an essential element of offense of burglary, and title, as far as burglary law is concerned, follows possession, and possession constitutes sufficient ownership as against burglary."

We are of the opinion that the language, "a storeroom, used and occupied by Robert P. Mace, trading and doing business as Mace's Grocery," constitutes a sufficient allegation of ownership to support an indictment charging the crime of breaking and entering.

The indictment in the instant case charged the accused with the violation of a statutory offense. In pertinent part, Code, 1931, 61-3-12, describes that offense as follows: "If any person shall, at any time, break and enter * * * any * * * building, other than a dwelling house or outhouse adjoining thereto or occupied therewith * * * with intent to commit a felony * * * he shall be deemed guilty of a felony * * *." The indictment, where pertinent, is in the following language: "Gary Wayne Newcomb * * * a certain building, not a dwelling house or outhouse adjoining thereto or occupied therewith, to-wit, a storeroom, used and occupied by Robert P.

Mace, trading and doing business as Mace's Grocery, situate in said County and State, unlawfully, feloniously and burglariously did break and enter, with intent the goods and chattels of the said Robert P. Mace * * * unlawfully, feloniously and burglariously to steal, take and carry away * * *."

Comparing the statute and the language of the indictment it is readily apparent that all of the essential elements of the crime have been alleged. "An indictment for a statutory offense is sufficient if, in charging the offense, it adopts and follows the language of the statute, or uses substantially equivalent language, and plainly informs the accused of the particular offense charged and enables the court to determine the statute on which the charge is founded." Point 3, Syllabus, *Pyles v. Boles*, 148 W.Va. 465, 135 S.E.2d 692. Certainly the indictment in this case follows the language of the statute or uses substantially equivalent language.

For the reasons stated, we hold that the indictment charging Gary Wayne Newcomb with the offense of breaking and entering is not void for failure to allege specific ownership of the premises so broken and entered. Therefore, the motion to reverse is granted and the judgment of the Circuit Court of Marshall County is reversed.

*Reversed.*