STATE OF WEST VIRGINIA

*v.*

JOHN PARIS

(No. 12964)

Submitted September 14, 1971.   Decided October 19, 1971.

*John R. Goodwin,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for defendant in error.

CARRIGAN, JUDGE:

This is an appeal by John Paris, hereinafter referred to as defendant, from a final order of the Monongalia County Circuit Court dated December 16, 1969, sentencing defendant to a determinate sentence of fifteen years upon a jury conviction of the offense of breaking and entering.

On February 2, 1969, defendant was arrested and charged with breaking and entering. The next day he was interrogated by two Morgantown police officers who wrote out a confession which he signed, the first paragraph of which reads as follows:

> I, the undersigned, John Paris, of 1296 Fairfield Ave., Morgantown, W. Va., being 28 years of age, born at Star City, W. Va., on Oct. 6, 1940, do hereby make the following statement to Lt. William Hughes and Chief Bernie F. Palmer, he having first identified himself as a Police Officer, knowing that I may have an attorney in my behalf present and that I do not have to make any statement nor incriminate myself in any manner, I make this statement voluntarily, of my own free will, knowing that such statement may later be used against me in any court of law, and I declare that this statement is made without any threat, coercion, offer of benefit, favor or offer of favor, leniency or offer of lienency [sic] by any person or persons whomsoever.

The Monongalia County Grand Jury then indicted defendant on two counts, the indictment reading, in pertinent part, as follows:

> * * * [T]hat John Paris on the_____day of February, 1969, in the said county of Monongalia, a certain storeroom, beer garden and building, commonly known as Ben's Place, of Ben Bonfili, said storeroom, beer garden and building not then and there being a dwelling house or outhouse adjoining thereto or occupied therewith, situated in

the County aforesaid, unlawfully and feloniously did break and enter, with intent the goods and chattels of the said Ben Bonfili in the said storeroom, beer garden and building then and there being, then and there unlawfully and feloniously to steal, take and carry away; and then and there, in the said storeroom, beer garden and building, [description of goods stolen] of the money, goods, effects and property of the said Ben Bonfili, in the said storeroom, beer garden and building, in the County aforesaid, then and there being found, then and there unlawfully and feloniously did steal, take and carry away; against the peace and dignity of the State.

SECOND COUNT:  * * * [T]hat John Paris, on the_____day of February, 1969, in the said County of Monongalia, a certain storeroom, beer garden and building, commonly known as Ben's Place, of Ben Bonfili, said storeroom, beer garden and building not then and there being a dwelling or outhouse adjoining thereto or occupied therewith, situated in the County aforesaid, unlawfully and feloniously did enter, without breaking, with intent the goods and chattels of the said Ben Bonfili, in the said storeroom, beer garden and building, then and there being, then and there unlawfully and feloniously to steal, take and carry away; and then and there, in the said storeroom, beer garden and building, [description of goods stolen], of the money, goods, effects and property of the said Ben Bonfili, in the said storeroom, beer garden and building, in the County aforesaid, then and there being found, then and there unlawfully and feloniously did steal take and carry away; against the peace and dignity of the State.

On November 20, 1969, a hearing was held on the admissibility of the aforementioned confession and the following question was asked by defense counsel and was answered as follows by one of the police officers who took defendant's confession:

Q.  Did you offer the use of the telephone to him?

A.  I actually can't remember. *We did tell him he had a right to a phone call,* and that he had a

right to an attorney, *and make a phone call that he might want to make.* I don't know that I particularly said, do you want to use the phone. I don't know whether it was said in that manner. (Emphasis added.)

Following this hearing, the defendant's motion to suppress was overruled.

Defendant then moved to quash the indictment on the grounds that the indictment failed to provide a street address for Ben's Place, and that the indictment states that Ben's Place was not a dwelling house and not a building adjoining a dwelling house, when it was "common knowledge that this is a dwelling house, with maybe as many as three apartments in it." This motion was also overruled, and defendant entered a plea of not guilty.

During the trial, defense counsel asked one of the officers who took defendant's confession the following question and to which question the following answer was given:

Q. Is it possible that you might have made such a statement?

A. No. *He, of course, had been in trouble before,* and he did say at that time that he knew what his rights were, and he wanted to get the whole thing settled. (Emphasis added.)

Defendant moved for a mistrial on the grounds that the answer of the police officer was unresponsive and that it placed defendant's character in issue. The court again overruled this motion.

During closing argument the prosecutor stated to the jury the following with respect to defendant's allegation that he had not been given the right to make a phone call:

Finally, I called the Chief of Police of the Morgantown Police Department, and said, Chief Palmer, were you there when the rights were administered? He said he was, and that indeed John Paris was given his rights. All of his rights? Yes. The right to remain silent? Yes. That anything he said could and would be used against him? Yes. The right to make a phone call? Yes.

> *If they could come here today and tell you that this did not happen, they should put evidence on that chair and tell you that it didn't happen. It happened.* (Emphasis added.)

Defense counsel objected to this remark on the grounds that the defendant should have produced witnesses, which objection was overruled by the court. The prosecutor also made the following remark during closing argument:

> It would be nice if every criminal in the United States gave a confession, but they don't.

Defense counsel also objected to this remark and moved that the jury be instructed to disregard it. The court overruled the objection and motion.

The jury returned a verdict of guilty, and the prosecutor filed information that the defendant had been convicted once before. Consequently, as provided by statute, the court proceeded to add an additional five-year prison term upon the statutory term of one to ten years for breaking and entering. The court's commitment order, however, read as follows:

> It is further adjudged that the *defendant is hereby committed* to the custody of the Warden of West Virginia Penitentiary or his authorized representative *for imprisonment for fifteen (15) years,* which is five (5) years over and above the maximum possible to be imposed for the crime of breaking and entering, which is one (1) to ten (10) years. (Emphasis added.)

This Court granted defendant's writ of error on May 25, 1970, and on September 14, 1971, the case was submitted for decision upon briefs and oral arguments of counsel for both sides.

The defendant assigns as error that the confession was taken without fully informing defendant of his right to make a phone call; that the confession form does not mention the defendant's right to make a phone call; the court's failing to sustain the motion to quash since the indictment did not fully inform the defendant of the nature of

the charge against him; that the accused's right to remain silent was violated when the police officer told the jury that the defendant had been in trouble before; that the prosecutor's remark with respect to putting on evidence was a comment upon the accused's failure to testify; the court allowing to stand the prosecutor allegedly calling the defendant a criminal; that the information contained errors which the court permitted the state to correct out of the presence of the accused; that the information was used as a committing order; and the court's sentencing defendant to fifteen years instead of the indeterminate sentence of one to fifteen years.

The record discloses that the defendant voluntarily confessed and signed a written confession after being fully advised of his constitutional rights, and after being told by a police officer that he had a right to a phone call. The trial court apparently determined that defendant's confession was voluntarily made, after proper warning, and that it was a proper matter for the jury to consider. Defendant's complaint in regard to this confession is that he was not "offered the use of a phone" by the police, apparently meaning physically handed the phone. However, it is not denied that defendant was advised that he had a right to make a phone call, and that he was advised of his constitutional rights and that he voluntarily confessed.

In *State* v. *Plantz,* 155 W.Va. 24, 180 S.E.2d 614 (1971), this Court passed upon several matters dealing with the admissibility and use of confession in a criminal case, and the holdings therein apply as well to the facts of this case. We find no error in the manner in which defendant's voluntary confession was obtained.

Defendant contends that the indictment did not fully and plainly inform him of the character and cause of the accusation as required by Article III, Section 14 of the Constitution of West Virginia, in that it failed to give the street address of the scene of the breaking and entering. We find no merit in defendant's contention. The indictment in this case contains one count for breaking and

entering "a certain storeroom, beer garden and building, not then and there being a dwelling house or outbuilding adjoining thereto . . .," and another count charging entering without breaking the same location, identified as Ben's Place of Ben Bonfili in Monongalia County, West Virginia. The indictment follows the general form set forth in Code, 62-9-1, as amended, and otherwise sufficiently informs defendant of the offense of which he is accused.

This is the fourth syllabus point of *Newcomb* v. *Coiner,* 154 W.Va. 653, 178 S.E.2d 155 (1970):

> "An indictment for a statutory offense is sufficient if, in charging the offense, it adopts and follows the language of the statute, or uses substantially equivalent language, and plainly informs the accused of the particular offense charged and enables the court to determine the statute on which the charge is founded." Point 3, Syllabus, *Pyles* v. *Boles,* 148 W.Va. 465.

*See also, Barker* v. *Coiner,* 306 F. Supp. 227 (N.D. W.Va. 1969).

Defendant contends that certain statements made by the prosecuting attorney in his argument before the jury reflect upon defendant's failure to testify and also refer to him as a criminal. In argument, in outlining the steps taken by the police in advising defendant of his constitutional rights to remain silent, etc., and to make a phone call, the prosecuting attorney said:

> If they could come here today and tell you that this did not happen, they should put evidence on that chair and tell you that it didn't happen. It happened.

The record shows that defendant's counsel stated on the record that the Court's instruction to the jury clearly indicated that the defendant was not required to produce witnesses. Thus, it would appear that the jury was properly instructed in this matter and that these remarks of the prosecuting attorney, if error, were harmless error.

Later in his argument, the prosecuting attorney, in referring to the confession of the defendant said: "It would be nice if every criminal in the United States gave a confession, but they don't." The circuit court overruled defendant's objection to this remark, stating that since in this case there was a confession for the jury to consider the comment was warranted. Realizing the holdings in *State v. Hively*, 103 W.Va. 237, 136 S.E. 862 (1927), and *State v. Brown*, 104 W.Va. 93, 138 S.E. 664 (1927), we believe that the word "criminal" as used in the above quotation was made in the nature of a general remark as to confessions and did not prejudice the jury in considering the weight to be given to defendant's confession. We regard the above-quoted remarks of the prosecuting attorney as harmless error in view of the court's instruction to the jury and also defendant's voluntary confession which the jury could consider in determining his guilt. It must be remembered that not all trial errors which violate the constitution call for reversal. *Harrington* v. *California*, 395 U.S. 250 (1969); *Chapman* v. *California*, 386 U.S. 18 (1967).

The correction of the information as to defendant's one prior felony conviction, which is complained of by defendant, was made prior to defendant's being asked to plead thereto and before defendant admitted said former conviction. We see no error in such correction being made prior to defendant's plea thereto.

The defendant was found guilty of an offense punishable by an indeterminate sentence of from one to ten years confinement; thereafter an information as to a prior felony conviction was filed against defendant and such prior conviction was admitted by defendant. The circuit judge announced that defendant was sentenced "for a period of one to ten years" on the breaking and entering, and that by virtue of defendant's admission of a former felony conviction "the Court adds five years to the maximum term of imprisonment," allowing defendant credit for the time he had spent in jail. However, the order sentencing defendant reads:

[T]he defendant is hereby committed ... for imprisonment for fifteen (15) years ....

Code, 61-11-18, as amended, provides, in part, as follows:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

Defendant contends, and the State admits, that the imposition of a determinate sentence of fifteen years was not correct. Defendant should have been sentenced to a term of from one to fifteen years.

This case is remanded to the Circuit Court of Monongalia County with direction to correct the sentence of defendant, John Paris, in accordance with this opinion.

*Reversed and remanded, with direction.*