# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Cottrill,**
**Petitioner Below, Petitioner**

**FILED**

**January 25, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 11-1528** (Ohio County 11-C-205)

**Patrick Mirandy, Warden, St. Mary's Correctional Center[1]**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner James Cottrill *pro se*, appeals the October 18, 2011 order of the Circuit Court of Ohio County denying his petition for a writ of *coram nobis*, in which the court determined that the indictment charging petitioner with breaking and entering in Count I and grand larceny in Count II, in Felony No. 88-F-94, was not defective. The respondent warden, by Laura Young, his attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record on appeal, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

According to the West Virginia Division of Corrections, petitioner is currently incarcerated because of sentences imposed in Felony Nos. 04-F-57 and 06-F-79. Previously, petitioner was incarcerated because of a sentence imposed in 88-F-94 where he entered guilty pleas to Count I (breaking and entering) and Count II (grand larceny) of the indictment.

On June 24, 2011, petitioner filed a petition for a writ of *coram nobis*[2] alleging that the indictment in 88-F-94 had been defective because (a) it failed to allege a specific individual to whom the property broken and entered belonged and (b) it failed to allege a specific individual to whom the property taken belonged. Secondly, petitioner alleged that his counsel in 88-F-94

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, we have replaced the respondent's name with Patrick Mirandy, Warden. The initial respondent on appeal, William M. Fox, is no longer the warden at St. Mary's Correctional Center.

[2] *See State ex rel. Richey v. Hill*, 216 W.Va. 155, 162 n. 10, 603 S.E.2d 177, 184 n. 10 (2004) ("We have noted that even though *coram nobis* is abolished in purely civil cases, it may still be available in a post-conviction context when the petitioner is not incarcerated.").

provided ineffective assistance in not moving to dismiss the allegedly defective indictment.[3] In response, the respondent warden filed a motion to dismiss.

In its order denying petitioner's writ of *coram nobis*, the circuit court found petitioner's contentions to be without merit because "[t]he indictment[ ] in Petitioner's case clearly indicate[s] that the West Virginia Corporation Red Jones Auto Mart, Inc., had ownership, or, failing that, possession of the property in question at the time of the offense[s]."[4] The circuit court further held that the indictment did not need to be clear "so long as a reasonable construction of the indictment permits that the inference that the offense[s] ha[ve] been properly charged (citing *State ex rel. Thompson v. Watkins*, 200 W.Va. 214, 488 S.E.2d 894 (1997))." The circuit court noted that because petitioner's ineffective assistance of counsel claim was derivative, it could not be found that counsel was ineffective. *See State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999). Accordingly, having found no merit to petitioner's claims, the circuit court denied his petition.

On appeal, petitioner argues that ownership means possession and occupancy of the property broken and entered, not who has title to the property, citing *Newcomb v. Coiner*, 154 W.Va. 653, 178 S.E.2d 155 (1970) (holding that the indictment was not void when it employed the phrase "used and occupied"). Petitioner further argues that the name of the owner of the property allegedly stolen must be stated in an indictment for larceny. Petitioner further argues that the circuit court erred in relying on *Thompson* since it was decided nine years after the offenses in 88-F-94 were committed.

The respondent warden asserts that petitioner's arguments are frivolous. The respondent warden also makes the suggestion that this Court use this case to definitively hold that the writ of *coram nobis* is completely abolished in the State of West Virginia.

It is unnecessary, however, to decide the issue because, even if the writ of *coram nobis* still exists in the post-conviction context, the respondent warden is correct that petitioner's substantive claims are frivolous. Count I of the indictment in No. 88-F-94 charged petitioner with breaking and entering property located at 46 North River Road, which is "*the office of* Red Jones Auto Mart, Incorporated, a West Virginia Corporation (emphasis added)." Similarly, Count II of the indictment charged petitioner with ". . . carrying away the *goods and chattels of* Red Jones Auto Mart, Incorporated" and then described those "good and chattels" as "a 1977 Ford F-100 pickup truck, bearing vehicle identification number F10GCX85596 (emphasis added)." Thus, the indictment appears sufficient in both describing the property and clearly indicating that Red Jones

---

[3] Petitioner further alleged that counsel was ineffective in misrepresenting the nature of the plea agreement, but the circuit court found that the record contradicted this allegation in that the record "indicat[ed] that, following an extensive plea colloquy, he entered a knowing, intelligent, and voluntary plea to both counts now at issue." Petitioner, on appeal, does not assign error to this finding of the circuit court.

[4] Copies of Counts I and II of the indictment in No. 88-F-94 are in the appendix filed with petitioner's appeal. They have been reviewed. *See* infra.

Auto Mart, Inc. was its owner/possessor.[5] Therefore, after careful consideration, this Court concludes that the circuit court did not err in denying petitioner's petition for a writ of *coram nobis*.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Ohio County and affirm its October 18, 2011 order denying petitioner's petition for a writ of *coram nobis*.

Affirmed.

**ISSUED:**   January 25, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Petitioner's suggestion in his reply brief that the natural person behind Red Jones Auto Mart, Inc. had to be named in the indictment is contrary to the well-established law that a corporation is considered a legal person so long as the legislative purposes behind the corporate form are not abused. *See Southern State Cooperative, Inc. v. Dailey*, 167 W.Va. 920, 930-31, 280 S.E.2d 821, 827 (1981) (quoting *Schenley Distillers Corp. v. United States*, 326 U.S. 432, 437, 66 S.Ct. 247, 249, 90 L.Ed. 181, 184 (1945)).