## CHARLESTON.

Perdue v. Caswell Creek Coal & Coke Company.

Submitted January 19, 1895.—Decided April 3, 1895.

1. Pleading—Special Plea—Uncertainty.

    In an action of trespass on the case brought for the recovery of damages for mining and removing coal, the defendants tendered a special plea, which averred "that more than three years before the commencement of the suit, they entered into and were in

peaceable possession of the close and land in the plaintiff's declaration and amended declaration, and each count thereof, mentioned and described, claiming title under a lease of the same for the purpose of digging and operating for coal and oil and other minerals, and that they continuously remained in such possession for the space of more than three years next before the commencement of this action, and have dug and bored, and in good faith expended money in such digging, boring, and operating, and this they are ready to verify." On objection, this plea is bad for want of certainty, and for this reason that it does not state under whom the lease mentioned is claimed.

2. EVIDENCE—TRIAL—REVERSAL.

Whether plaintiff shall be allowed to give further evidence after defendant's evidence is closed is within the discretion of the trial court; and its exercise will rarely, if ever, be the ground of reversal by an appellate court. Clearly, he is entitled to give evidence to rebut that of the defendant.

3. INSTRUCTIONS—DEED—EVIDENCE.

It is error for a court to instruct a jury as to the effect of a deed which is not in evidence before them.

OKEY JOHNSON and A. C. DAVIDSON for plaintiff in error, cited Code, p. 1045; 3 W. Va. 335; 33 W. Va. 447; 36 W. Va. 454; 1 Greenl. Ev. (14th Ed.) § 513; 7 Am. & Eng. Ency. Law 77; 21 W. Va. 16; 14 Pet. 19; 6 Pet. 498; 21 W. Va. 741; 11 W. Va. 75; 1 Wash. 88; 11 Gratt. 405; 11 W. Va. 704; 101 U. S. 797; 1 Black. (U. S.) 204; 60 Am. Dec. 219; 50 Am. Dec. 545; 69 Am. Dec. 408; 70 Am. Dec. 57; 85 Am. Dec. 78; 12 Am. Dec. 656; 36 Am. Dec. 448; 37 Am. Dec. 384; 81 Tex. 258; 22 How. 18; 61 Vt. 298; 4 L. R. A. 425; 88 Mo. 418; 49 N. J. L. 289; 12 Vt. 150; 58 Vt. 642; 48 Vt. 211; 124 Mass. 270; 73 N. Y. 205; 7 S. E. Rep. 473; 154 U. S. 163; 85 Me. 210; 16 W. Va. 282; 24 W. Va. 606; 1 Bart. Law Pr. 182; 3 W. Va. 195.

J. S. CLARK and A. W. REYNOLDS for defendants in error, cited 1 Wait Act. & Def. 114, 715, 131; 23 Vt. 231; 12 Peck. 572; 48 N. Y. 636; 6 Pa. St. 41; 10 Ala. 548; 38 N. Y. 71; 36 How. 306; 26 W. Va. 469; 19 W. Va. 483; 20 W. Va. 480; 3 Call 289; 25 Atl. Rep. 648; 17 Atl. Rep. 84; 6 Cranch 237; 8 Am. Reports 104; 24 Atl. Rep. 18; 33 W. Va. 449; 36 W. Va. 454; 8 W. Va. 135, 156; 1 Dev. & Batt. 40; 16 W. Va. 282; 24 W. Va. 606; 53 Pa. 284; 6 Wait Act. & Def. 64, 65; 3 Black.

Com. 210; 3 W. Va. 195; 25 W. Va. 205; 22 Pa. 378; 66 Pa. 210.

ENGLISH, JUDGE:

This was an action of trespass on the case brought by George W. Perdue against John Freeman and Jenkin Jones, late partners under the firm name and style of the Caswell Creek Coal & Coke Company, in the Circuit Court of Mercer county, to recover damages for coal mined and removed by said defendants from a certain tract of land containing nineteen and thirty nine one-hundredths acres situated in said county.

The defendants demurred to the declaration and each count, which demurrer was overruled as to the first and second counts, and sustained as to the third count, and the case was remanded to rules to file an amended declaration; but as the action of the court on the demurrer is not relied on as error either in the assignment of errors or in the argument, and we see no objection to the declaration, it is presumed to have been waived.

On the 18th day of March, 1891, the defendants tendered a special plea in writing, No. 2 (a plea of license) to the filing of which the plaintiff, by his attorney, objected, but the court overruled said objection, and allowed said plea to be filed, to which plea the plaintiff replied generally. Defendants also tendered a special plea, No. 3, denying the title of the plaintiff to the land in the declaration mentioned, which plea was objected to, and the objection was sustained, and the defendants excepted. The defendants then tendered another special plea, No. 6, denying that the plaintiff was seised and possessed of the close in the declaration mentioned at the time of the commission of the alleged trespass, to which plea the plaintiff also objected. The objection was sustained and the defendants excepted. The defendants then tendered a special plea, No. 4, which was a plea of *liberum tenementum*, which was filed, and issue was joined thereon; another special plea, No. 5, which was a general plea of *liberum tenementum*, alleging title in the "Bluestone Coal Company," in the close mentioned in the declaration and

each count thereof, and that the defendants are the lessees thereof, which was also objected to, the objection overruled and the same permitted to be filed, the plaintiff replied generally and issue was joined thereon. The defendants then tendered another plea in writing, marked No. 6, setting up three years as a bar under the statute to the plaintiff's right of action, which plea was objected to. The objection was overruled and issue was joined thereon. The defendants then offered another special plea, No. 7, which is a plea of the statute of limitations of three years, to which plea the plaintiff objected. The courts sustained said objection, and the defendants excepted, and the plaintiff replied specially to the plea of *liberum tenementum*.

On the 6th day of January, 1892, an order of survey was directed. On the 22d day of December, 1892, the death of John Freeman was suggested, and the case was directed to proceed against Jenkin Jones, surviving partner of John Freeman and Jenkin Jones, partners, trading as the Caswell Creek Coal & Coke Company, and the case was submitted to a jury, which after several adjournments, found a verdict for the defendants, and thereupon the plaintiff moved to set aside the verdict, and grant him a new trial, because said verdict was contrary to the law and the evidence, which motion was overruled, and the plaintiff excepted. Said plaintiff also moved in arrest of judgment, which motion was overruled, and the plaintiff excepted, and judgment was rendered for the defendants, and the plaintiff obtained this writ of error.

The first error assigned and relied on by the plaintiff in error, is as to the action of the court in allowing, against the objection of the plaintiff, pleas Nos. 2, 4, 5 and 6, to be filed. In argument, however, counsel for the plaintiff in error do not insist on their objection to the action of the court in overruling their objection to any of the pleas tendered by the defendants, with the exception of plea No. 6, which plea is in these words: "And the defendants, for further plea in this behalf, say that the plaintiff his action against them ought not to have and maintain, because they say that more than three years before the commencement of this suit they

entered and were in peaceable possession of the close and land in the plaintiff's declaration and amended declaration, and each count thereof, mentioned and described, claiming title under a lease of the same for the purpose of digging and operating for coal and oil and other minerals, and that they have continuously remained in such possession for the space of more than three years next before the commencement of this action, and have dug and bored for and in good faith expended money in such digging, boring and operating and this they are ready to verify."

Now, while it is true that this plea is substantially in the language of the statute under which the defendants are seeking to shield themselves, the question is whether it is sufficient to give the plaintiff notice of the true character of their defense. To merely say that the defendants are in possession under a lease gives the plaintiff no information as to the party under whom they claim as landlord, so that, if the plaintiff should wish to reply specially to said plea, he is precluded from so doing by reason of the fact that the lease is not sufficiently described in the plea to enable him to determine whether it constitutes a valid defense or not, or whether it should be met by a general or special replication. And Steph. Pl. p. 355, § 183, under the heading "The Pleadings Must Show Authority," states the rule thus: "In general, when a party has occasion to justify under a writ, warrant, precept, or any other authority whatever, he must set it forth particularly in his pleading." Co. Litt. 283, says: "Regularly, whensoever a man doth anything by force of a warrant or authority, he must plead it." And on page 342 the same author says: "When in pleading, any right or authority is set up in respect of property, personal or real, some title to that property must, of course, be alleged in the party or in some other person from whom he derives his authority." And the same author, on page 347, § 176, says: "With respect to particular estates, the general rule is that the commencement of particular estates must be shown. If, therefore, a party sets up in his own favor an estate tail an estate for life, a term of years, or a tenancy at will, he must show the derivation of that title from its commencement—

that is, from the last seisin in fee simple; and, if derived by alienation or conveyance, the substance and effect of such conveyance should be precisely set forth." Again, we find the law stated in 6 Rob. Prac. p. 669. In speaking of a case in 2 Salk. 642, the author says: "The case, however, in Salkeld, settled that it was sufficient for a man to justify upon his possession against a wrongdoer; but it does not go to the length of showing that such a justification is good as against a person who has the title to the land, and who makes an entry in pursuance of that title. When the justification is under the right of another person, there should be an allegation of authority from the principal under whose right the act complained of was committed. Thus, if the defendant justifies breaking a close, on the ground that it is the freehold of another, he is bound to state that he did so enter by the command and as the servant of the owner of the close, and so it is in similar cases, for *non constat* that the party entitled would have ever insisted on his right, and there can be no reason, if he thinks proper to waive it, why a stranger should justify himself in standing in his place."

That this plea is defective for lack of certainty is manifest for the following reason: Suppose the plaintiff desired to reply specially thereto, the plea in its present form does not afford him an opportunity of thereby controverting the validity of the title of defendants' lessor, for the reason that it is not named. The plea merely says that they were in possession, claiming title under a lease of the same for the purpose of digging and operating for coal and oil and other minerals. The lease mentioned may have been valid and formal in every respect, and may have been executed by one having an unimpeachable title to the land, and may have conferred ample authority upon the defendants to enter upon the land, and mine and remove the coal, or it may have emanated from a stranger, and not been worth the paper upon which it was written; but this plea affords the plaintiff no light or information as to its character in that regard, and it can not be presumed that the legislature ever intended that a man with a lease in his pocket from some stranger should open a seam of coal on the mountain side, and, after

three years' possession, be allowed to plead the facts in bar of a recovery for such trespass. Such a construction would be dangerous, indeed, to property owners in this state, who are absent from the state, or for any cause fail to keep an eye upon their coal lands; and for these reasons we think the court erred in overruling the objection to said plea, and permitting the same to be filed.

The third and fourth assignments of error relied upon by the plaintiff in error are as follows: "*Third*, The court erred in excluding from the jury the record in the case of *Straley & Johnston* v. *Perdue*, because the parties were in privity, and Straley & Johnston had conveyed by deed of general warranty the Perdue tract to Bartholomew, trustee, only a few days before they accepted the deed from Perdue, and filed the bill to perfect the title in their vendee. *Fourth*, The court erred in refusing to permit A. C. Davidson, a witness introduced for plaintiff, to prove that the suit of Straley & Johnston was prosecuted for the benefit and at the instance of their vendees. This evidence was clearly proper, and could better be introduced in rebuttal than in chief, because the defense claimed that the land was included in the Bell deed, which was derived by plaintiff; and the record was relied on to rebut that claim." These assignments of error may be considered together, and, in order that the question presented by these two assignments may be better understood, it is necessary to state briefly the circumstances connected with this case, which gave rise to the effort on the part of the plaintiff in error to introduce the record in the case of *Straley & Johnston* v. *Perdue* as evidence therein, and to show by the witness A. C. Davidson that said suit of *Straley & Johnston* v. *Perdue* was prosecuted at the instance and for the benefit of their vendees.

In the month of November, 1885, said Straley & Johnston brought suit in equity in the Circuit Court of Mercer county against said George W. Perdue, in which they claimed to have purchased from said Perdue all of the coal underlying his home tract of land which had been conveyed to him by one Henry Bell, with the exception of the coal underlying twenty five acres thereof, which was to be laid off so as to

include his house and buildings and two springs, which tract they alleged was afterwards surveyed for the purposes of making conveyances, and by mistake the nineteen acres in controversy was omitted from the description furnished by the surveyor. It was claimed that the title bond called for all of the coal under the land conveyed to said Perdue except said twenty five acres. The facts alleged in the bill were put in issue by answer and proofs taken, and the Circuit Court proceeded to specifically enforce said contract, and directed that said strip of coal land of nineteen and thirty nine one hundredths acres be paid for at the contract price, and that said G. W. Perdue should execute and file among the papers a deed, in which his wife should unite conveying said nineteen and thirty nine one-hundredths acres of land to said Straley & Johnston. From this decree an appeal was taken to this Court, and the same was reversed and the plaintiff's bill was dismissed. See 33 W. Va. 375 (10 ;S. E. Rep. 780).

The plaintiff in this action was seeking to introduce as evidence the record of the chancery suit in the case of *Straley & Johnston* v. *Perdue* and the mandate of this Court, with a view of showing that the question as to the ownership of said nineteen and thirty nine one-hundredths acres was *res adjudicata*, by the ruling of this Court in said chancery suit. The record in the case of *Straley & Johnston* v. *Perdue*, was excluded from the jury by the court, on the ground that the defendants in this case were not parties thereto. The plaintiff then sought to prove by a witness, A. C. Davidson that the said suit of *Straley & Johnston* v. *Perdue* was prosecuted at the instance and for the benefit of their vendees. This witness was offered after the defendants had rested their case, and it appears that the plaintiff re-offered as evidene the record in the case of *Straley & Johnston* v. *Perdue*, together with the mandate of this Court in said cause, and, in connection therewith offered to prove by said witness A. C. Davidson, that said suit of *Straley & Johnston* v. *Perdue* was instituted and prosecuted at the instance

and with the approval of the Bluestone Coal Company, and for its benefit; and the Court, on its own motion, declared that it was not its purpose to open this case after the long time engaged in it for the admission of evidence in chief, the plaintiff having the day before yesterday rested from his case, and declared himself through in chief; and, to the end that the case might be concluded in a reasonable time, the court declined to permit said evidence to be introduced and the plaintiff excepted.

The object of this testimony was to show that said Straley & Johnston were in privity with the defendants, and the first question we shall consider is whether the court acted properly in excluding the testimony of said witness on the ground that it came too late. Upon this question, Thompson on Trials (volume 1, p. 310, § 384) says: "So it is within the discretion of the trial court, both in civil and criminal trials, to re-open the case at the request of a party for the purpose of allowing him to introduce additional evidence. The court may allow a party to introduce further evidence after the testimony has closed on both sides, after a demurrer to the evidence has been made, after the argument has commenced, and even after the argument has closed. The court may allow the prosecution in a criminal trial to re-open its case and introduce further evidence in chief even after the examination of witnesses for the defense has commenced, and after the state has closed, and the defendant has announced that he will introduce no evidence, though it has been elsewhere said that this discretion should be exercised with the utmost caution. This discretion will not be exercised where it would work a fraud on the opposite party, or where the withholding of the evidence was a manifest trick; and, if the introduction of the additional evidence takes the adverse party by surprise, he should be allowed time and opportunity, if desired, to meet it with further evidence on his side. It is scarcely necessary to add that it is not an abuse of discretion for the trial court to refuse to open a case to admit further defenses after the trial where the defendant, knowing of the existence of the defenses, neglected to assert them in his pleading in the first instance,

and gives no satisfactory reason for the neglect. But where the plaintiff has inadvertently omitted to introduce a formal, though necessary document, until after the close of his evidence, it will be an abuse of discretion, for which the judgment will be reversed, to refuse his application to be allowed to introduce it then." See *Meacham* v. *Moore*, 59 Miss. 561. Now, if the testimony of A. C. Davidson was a matter for rebuttal, it should have been allowed to go to the jury. By reference to the record (page 98) it will be seen that the record of this chancery suit of *Straley & Johnston* v. *Perdue* and the mandate of this Court were offered in evidence; and on page 134 of the record the court said, "It may go in." On page 135 the whole record in the case of *Straley & Johnston* v. *Perdue* was offered in evidence, and was objected to, and the court's opinon was reserved; and on page 186 of the record, at the close of the plaintiff's testimony in chief, the plaintiff offered separately and collectively so much of the printed record as had theretofore been offered in manuscript, in so far as it was contained in the printed record. It was objected to by the defendants, and the objection sustained. The defendants then introduced their testimony, during the introduction of which they offered in evidence documents and testimony tending to show that Straley & Johnston had conveyed the coal underlying the land in controversy to Bartholomew, trustee, before the suit of Straley & Johnston was brought against said Perdue; and, at the close of the testimony, the defendants, by their counsel, renewed their motion to strike out the record of the chancery suit of *Straley & Johnston* v. *Perdue;* but, before the court passed upon the motion, plaintiff, by counsel, gave notice that he desired to introduce further evidence to show the privity of the Bluestone Coal Company and the defendant Jones, surviving partner, *etc.*, with the plaintiffs in said chancery suit of *Straley & Johnston* v. *Perdue,* and to show that said chancery suit was prosecuted at the instance and with the approval and for the benefit of the Bluestone Coal Company and its lessees, Freeman and Jones, partners, under the name of the Caswell Creek Coal & Coke Company. Thereupon the court declared that it had given plaintiff

five days in which to make out his case, and it was not the purpose of the court to open the case for further evidence in chief, and sustained said motion, and excluded said record of said chancery suit, and every part thereof, for the reason that the proceedings in said suit were *res inter alios acta* and that the defendants in this suit could not be prejudiced thereby. The defendants then rested their case and the plaintiff, by his counsel, at once re-offered the record in the case of *Straley & Johnston* v. *Perdue*, together with the mandate of this Court, and, in connection therewith, offered to prove by the witness A. C. Davidson that the said suit of *Straley & Johnston* v. *Perdue* was instituted and prosecuted at the instance and with the approval of the Bluestone Coal Company, and for its benefit; and the court refused to allow said testimony to be given to the jury, and the plaintiff by counsel excepted.

Now, while it is true that in the trial of a case at law much is left to the discretion of the trial judge as to the order and time that testimony is to be adduced, yet, in exercising this discretion, it must be a sound legal discretion, and must be so exercised, if possible, as not to do injustice to either party. When we consider that the record discloses the fact that this chancery record was at first allowed to go in, and then the printed record was offered, and was excluded, just as the plaintiff was resting his case, and, when the defendants rested their case, they moved the court to strike out the record of the chancery suit, for the reasons above stated, a question of surprise to the plaintiff is suggested. Now, while I can not regard the testimony which the plaintiff then offered to introduce by the witness A. C. Davidson as strictly in rebuttal, or that said testimony would have been unnecessary to establish the plaintiff's case but for the documents and testimony introduced by the defendants, and by the exclusion of said chancery record at the first moment, upon the grounds stated by the court, yet the object of the plaintiff in introducing the witness A. C. Davidson, as was stated at the time, was to prove that the said chancery suit of *Straley & Johnston* v. *Perdue* was instituted at the instance and for the benefit

of the Bluestone Coal Company, the lessors of the Caswell Creek Coal Company. Now, the record shows that, after the plaintiff had rested, the defendant proceeded to offer testimony tending to show that Straley & Johnston had conveyed the land in controversy to Bartholomew, trustee, before said chancery suit of *Straley & Johnston* v. *Perdue* was instituted, and that, therefore, the defendants had no interest in said chancery suit, and were not bound by its decree. The decree of this Court, however, held that the deed from Perdue to Straley & Johnston did not include said nineteen and thirty nine one-hundredths acres, and, as a consequence, the deeds to Straley & Johnston to Bartholomew, trustee, *etc.*, to the Bluestone Coal Company, did not convey to them said nineteen and thirty nine one-hundredths acres. This ruling, however, would not be binding upon the defendants unless they or their lessors were privies to the suit; and while the evidence of the witness A. C. Davidson might be regarded as in rebuttal to the testimony of the defendants, which tended to show that the defendants had no interest in said chancery suit, and were not bound by the determination thereof, yet it is evidence that might have and perhaps ought to have been offered in chief by the plaintiff at the time said chancery record and mandate were offered. Upon this question of discretion by the court in controlling the order in which evidence shall be admitted, this Court has held that "whether a party shall introduce further evidence after that of the adverse party has been heard is a matter within the discretion of the court, and its exercise will rarely, if ever, be the cause of reversal in appellate court. Clearly, he is entitled to introduce evidence to rebut that of the other party." See *Johnson* v. *Burns*, 39 W. Va. 659 (20 S. E. Rep. 686); *Clarke* v. *Railroad Co.*, 39 W. Va. 734 (20 S. E. Rep. 696); *Bowyer* v. *Knapp*, 15 W. Va. 278; *Brooks* v. *Wilcox*, 11 Gratt. 411. I am inclined to think that under the circumstances, the exercise of a sound discretion would have allowed the testimony of Davidson to have gone to the jury, even though it should have been given in chief; but as the case is to be remanded on

other grounds, and upon a new trial a different course may be adopted, it is unnecessary to now determine the question.

As to the question raised by the fifth assignment of error as to the propriety of instruction No. 2 given at the instance of defendant, in which the court instructed the jury that "the deed from George W. Perdue to H. W. Straley and David E. Johnston, dated the 5th day of February, 1884, and which is in evidence in this case, conveyed to said Straley & Johnston all the coal and minerals in and under the whole of the tract of land which was conveyed to said George W. Perdue by Henry Bell by deed, which is in evidence in this case, except the twenty five acres reservation contained in the title bond of the said Perdue to said Straley & Johnston, which is in evidence in this case, and in the deed dated the 5th day of February, 1884, from said Perdue to said Straley & Johnston; and the jury can not find for the plaintiff any damages on account of the entering, mining and carrying away the coal, or any part thereof, from said nineteen and thirty nine one-hundredths acres of land in controversy in this case"—which instruction appears to have been given after all the evidence was before the jury, and directs the jury to pass on the effect of the deed, claiming that the same was in evidence before the jury when in fact it was not ; the only place in which a certified copy of said deed is found being in said chancery record, which was excluded from the jury.   This instruction we regard as erroneous, and it had a direct tendency to prejudice the plaintiff.

For these reasons, the judgment must be reversed, and the cause remanded, with costs to the plaintiff in error.