# CHARLESTON.

STATE v. LITTLETON.

Submitted March 14, 1916.    Decided March 21, 1916.

1. CRIMINAL LAW—*Indictment and Information—Verdict—Judgment.*
    Where a count in an indictment properly alleges both house-breaking and larceny, there may be a conviction of either, but not of both; on a general verdict of guilty on such count, the judgment should be for house-breaking and not for larceny. (p. 806).

2. BURGLARY—*Larceny—Evidence—Possession of Stolen Goods.*
    The possession of stolen goods is not of itself even *prima facie* evidence that the person in whose possession the stolen goods are found, is the thief, or that he is guilty of breaking and entering the house from which the goods were stolen; but the exclusive possession and control of property recently stolen, are circumstances tending to show that the person found in possession is the thief, and the jury may consider them in connection with all the other circumstances and facts in proof. (p. 806).

3. SAME—*Evidence—Exclusive Possession of Stolen Goods.*
    Though the mere possession of property recently stolen from the house which has been entered, is not even *prima facie* evidence of the house-breaking charged in the indictment, yet in connection with other evidence of such offense, evidence of the exclusive possession of the stolen property, is admissible. (p. 808).

4. CRIMINAL LAW—*Reopening of Case—Discretion—Appeal.*
    Whether a party shall be permitted to introduce further evidence after the case has been closed and submitted to the jury, and before the jury returns a verdict, is a matter of sound discretion of the trial court, and its exercise of this discretionary power will not be cause for reversal except in case of the abuse of the discretion, and that it plainly appears that the person making the request has been injured by the refusal. (p. 808).

Error to Circuit Court, Marshall County.

Grover Littleton was convicted under an indictment charging housebreaking and larceny, and brings error.

*Reversed, and new trial awarded.*

*Everett F. Moore,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E.* *Brown,* Assistant Attorneys General, for the State.

MASON, JUDGE:

At the May term, 1915, of the circuit court of Marshall County, Grover Littleton was indicted, charged with having broken and entered the store room of M. B. Fisher, in Moundsville in said county, on the ——— day of February, 1915, with the intent to steal the goods and chattels of said Fisher then in said building, and that he did steal certain goods, amounting in the aggregate to six dollars and twenty cents. The defendant was arrested, moved to quash the indictment, which motion was overruled. He then pleaded not guilty. At the same term of court he was tried, convicted, and sentenced to five year's imprisonment in the penitentiary of the state. The defendant moved to arrest the judgment, and to set aside the verdict and grant him a new trial. These motions were overruled, and excepted to. The defendant insists that the evidence was not sufficient.

Fisher's store was entered in the night time, on the ——— day of February, 1915, and some bacon, gingham, calico, tobacco, and lima beans taken. On the 19th day of April the defendant was arrested. He and his wife and his brother-in-law, William Medline, and the latter's wife were at that time living in a three room house in Moundsville. Medline and his wife occupied one room and the kitchen; the defendant and his wife occupied the other. The officers searched the house and found some tobacco, beans, calico, and gingham. The calico and gingham were found in a dresser in the room occupied by Medline and his wife, and the beans were found in the kitchen occupied by Medline. Witness says he believes he found the tobacco in the dresser, but is not certain. Mr. Fisher identified the goods in a general way; says he lost goods like them, but would not say they were his. There

does not seem to have been any way to identify them or to distinguish them from other goods of the same kind. There is no evidence that the defendant had them in his possession, nor were there proven any suspicious facts or circumstances against him. The only thing connecting him in any way with the offense is that some of the goods were found in a room occupied by others, and in the same building in which he lived.

The defendant also complains of two instructions given to the jury at the instance of the State, as follows:

"No. 1. The Court instructs the jury that the possession of property proven to have been recently stolen, is evidence from which the jury may infer that the person in whose possession such property is found is guilty of the theft, provided that such possession is not explained; and if you believe from the evidence in this case beyond all reasonable doubt that the defendant did break and enter the store room alleged in the indictment in this case to have been broken and entered and did then and there steal, take and carry away the goods, and property in said indictment alleged to have been stolen, taken and carried away, you will find the defendant guilty.

"No. 2. The Court instructs the jury that the possession of property proven to have been recently stolen, is evidence from which the jury may infer that the person in whose possession, or constructive possession, such property is found is guilty of the theft, provided that such possession is not explained; and if the jury believe from the evidence in this case that the said store room was broken and entered as alleged in the indictment in this case, and the goods described in said indictment taken, stolen and carried away, as alleged therein, and that the said goods were thereafter found in the possession, or constructive possession, of said defendant, or any considerable part of said goods, and that such possession is not explained in a manner consistent with the innocence of the defendant, that fact is one that the jury may consider in determining the guilt or innocence of the accused."

Both of these instructions are bad. The indictment charges the breaking and entering into the store house with intent

.to steal. It also charges that the larceny was actually committed. Upon such count there may be a conviction for either offense, but not for both. Upon a general verdict of guilty on such count, the sentence would be for house-breaking. Where there is a general verdict, the larceny is merged in the burglary or house-breaking. *State* v. *McClung,* 35 W. Va. 280; *Speers' Case,* 17 Grat. 570; *Benton's Case,* 91 Va. 782. In the case at bar there was but one count, and a general verdict of guilty. Hence the offense for which the defendant was convicted was that of house-breaking. There is not the slightest proof against the defendant except that some of the stolen goods were found in the possession of a person living in the same house in rooms adjoining the room occupied by the defendant. He had none of them, and the goods found are not very well identified as part of the stolen goods. Both instructions proceed on the theory that where a person is found in possession of stolen goods, in the absence of satisfactory explanation of such possession, the jury may infer that the person in possession is the thief. If this be the law, then Medline, in whose possession the goods were found, would be the thief, and not the defendant. But this evidence alone would not be sufficient to convict either one of house-breaking or larceny.

True, in Virginia it was held in *Price's Case,* 21 Grat. 846, that, "If property be stolen, and recently thereafter be found in the exclusive possession of the prisoner, then such possession of itself affords sufficient grounds for a presumption of fact that he was the thief; and in order to repel the presumption, makes it incumbent on him, on being called on for the purpose, to account for such possession consistently with his innocence." While Price's Case is held to be the law in Virginia, it is said in *Taliaferro's Case,* 77 Va. 411, "it has never been decided in this state that such possession is even prima facie evidence of guilt in cases of burglary and house-breaking." And it is further said in Taliaferro's Case, supra, that "even in cases of simple larceny, in order to raise the presumption of guilt from the possession of the stolen goods, it is necessary that they be found in the exclusive possession and subject to the exclusive control of the accused." But this court has in express terms disapproved the Price

case; *State* v. *Heaton,* 23 W. Va. 773. In the case of *State*
v. *Reece,* 27 W. Va. 375, this court held: "The possession
of stolen goods is a circumstance tending to show that the
person found in the possession is the thief, and the jury may
consider it in connection with all the other attending circum-
stances and facts in proof, but of itself it is not prima facie
evidence of guilt."

It is now well settled in this state that possession of stolen
goods is not of itself prima facie evidence that the person in
possession is the thief, but finding such goods recently after
the offense is committed, in the exclusive possession and con-
trol of the accused, is a circumstance which may be submitted
to a jury with other evidence.

After the jury had retired to consider the verdict, the de-
fendant asked the court to have the jury returned into court,
and permit him to show by the jailor of Marshall county,
and by the records of the circuit court, that at the time the
store room was alleged to have been entered and the larceny
committed, he was confined in the jail of the county and could
not have committed the offense. This motion was refused,
and the defendant excepted.

After a case is closed and submitted to the jury, and the
jury retires to consult, it will not be recalled and the case
opened for further proceedings, unless for good cause. What
constitutes good cause will be left to the sound discretion
of the trial judge, under the circumstances of the particular
case, and his discretion will not be reversed unless it appear
that the judge has abused his discretion and the person mak-
ing the request has been injured thereby. In *Livingston's
Case,* 7 Grat. 658, the jury was recalled after it had retired
to consider the verdict, and additional evidence was submit-
ted by the Commonwealth. The action of the trial court was
approved by the Supreme Court; and in the opinion in the
case, we think the court laid down the proper rule, as fol-
lows: "Whilst we have no hesitation in saying that, as a
general rule, after a cause has been submitted to a jury, it
is improper to introduce new testimony or examine new
witnesses, there can be no doubt of the propriety for good
cause shown of admitting new testimony, or the examination
of new witnesses. But in allowing this to be done, the Court

must exercise a sound discretion. When the circumstances of the case make it necessary and proper, to do so, the Court ought to permit either party to introduce new witnesses and new testimony.'' In the case at bar we can see why the presiding judge should not be inclined to grant this request, in the face of the fact that both the defendant and his wife had testified that on the night the offense was committed the defendant was at home all night. The jailor could only have contradicted the defendant and his wife and discredited them and disgraced the prisoner. We do not think the defendant was injured by the refusal of the court to hear this evidence. He had ample opportunity to introduce this testimony in its regular order. If he were in fact in a jail when the offense was committed, no one knew it better than he. ''Whether a party shall introduce further evidence after that of the adverse party has been heard, is a matter within the sound discretion of the court, and its exercise will rarely, if ever, be the cause of reversal.'' *State* v. *Williams,* 49 W. Va. 220; citing, *Livingston's Case,* 7 Grat. 658; *Johnson* v. *Burnes,* 39 W. Va. 658; *Perdue* v. *Caswell Coal Co.,* 40 W. Va. 372; *McManus* v. *Mason,* 43 W. Va. 196.

Improper instructions were given to the jury, and in addition thereto, the evidence is not sufficient to sustain the verdict. The humane rule of law is to presume every man innocent until his guilt of the offense charged against him is established clearly and to the exclusion of all reasonable doubt. This has not been done in this case. The judgment of the circuit court will be reversed and a new trial awarded.

*Reversed, and new trial aworded.*