# CHARLESTON.

## SIEVER v. COFFMAN.

### Submitted April 24, 1917.   Decided May 8, 1917.

1. EVIDENCE—*Admissibility.*
   Evidence which is immaterial and irrelevant to any issue in the case, and which tends to raise immaterial issues or to becloud the real issue, should be rejected. (p. 423).

2. LIBEL AND SLANDER—*Qualified Privilege—Truth—Directed Verdict.*
   Where, in an action for slander, defendant admits the publication of the slanderous words, and shows a qualified privilege therein only, and fails by pleading and proof to establish the truth of the words spoken, and the absence of malice therein, plaintiff is entitled to an instructed verdict in his favor. (p. 423).

3. TRIAL—*Instructions—Credibility of Witnesses.*
   An instruction to the jury that if they believe from the evidence that any witness has wilfully testified falsely on any material point they are at liberty to disregard his entire testimony, is faulty and liable to mislead the jury, unless they are told in the same connection that they are entitled to give it such weight and credit as in their judgment under all the facts and circumstances in the case it is entitled to. (p. 423).

4. LIBEL AND SLANDER —*Qualified Privilege — Burden of Proof — Question for Jury.*
   Slanderous words spoken by a stockholder to directors and other stockholders of a corporation are not absolutely privileged, but

the privilege is a qualified one, but in such cases the burden is upon the plaintiff to show actual malice, the question of malice being one of fact for the jury. (p. 425).

Error to Circuit Court, Mineral County.

Action on the case for slander by Charles W. Siever against W. H. Coffman. Verdict and judgment for defendant, and plaintiff brings error.

*Reversed, verdict set aside, and new trial granted.*

*Harry G. Fisher* and *Charles N. Finnell,* for plaintiff in error.

*W. H. Griffith,* for defendant in error.

Miller, Judge:

An action on the case for slander. Verdict and judgment for defendant.

In the first count of the declaration it is charged that with the intent of imputing larceny to plaintiff, and that he was otherwise a mean and unworthy person, defendant on the — day of January, 1915, and at sundry times since then, and in the presence of H. L. Arnold and divers other good and worthy citizens of this state, did falsely and maliciously and with the intent to insult plaintiff, speak and publish of and concerning him the false, scandalous, malicious, defamatory, and insulting words following, which it is averred from their usual construction and common acceptation are construed as insults, and tend to violence and breach of the peace, namely: "That pipes and other material were taken from the goods of the Siever Hardware Company by him (meaning the plaintiff) and used in the construction of his (meaning the plaintiff) home and were not charged by him (meaning the plaintiff) against himself (meaning the plaintiff)".

The second count is the same as the first, except that instead of larceny it is averred that defendant by the like use of the same words intended to impute embezzlement by plaintiff of the same goods. The third count was abandoned on the trial and no evidence was offered to sustain it.

The only plea of defendant was not guilty, and the case went to trial upon the issue joined on this plea alone. And although defendant by his evidence, without plea or notice thereof, attempted to justify the slanderous words spoken on the theory that the matter thereof was true, the evidence thereon, with little, if any, objection went to the jury along with the other evidence in the case, with the result already stated.

Defendant admitted the publication by him of the words substantially as charged, and in our opinion he failed to prove the truth of his accusation against plaintiff. He does not swear of his own knowledge that plaintiff was guilty of knowingly taking or appropriating the goods referred to to his own use, as charged; his testimony amounts to nothing more than this, that goods were taken from the store of the Siever Hardware Company, some upon orders regularly entered and charged, and others, some delivered by himself, a stockholder, while employed in the store, which he did not have charged, and he did not know whether they had ever been charged against plaintiff or not. The most that can be said of his evidence is that it tended to arouse suspicion, but nothing upon which the jury could have found the truth of the accusation.

Moreover, these transactions all occurred while defendant was employed in the store, and he admits that with one or two exceptions he never called the matter to the attention of Siever, the president and general manager of the hardware company, or to any other officer, or director of the company, until after he was discharged from his employment, nearly five years thereafter. Not a single witness swears that plaintiff was ever guilty of the offense of larceny or embezzlement charged. On the contrary he proves that his instructions were to all employes to permit no goods to go out either to his house or elsewhere without an order from the office regularly issued and checked up and returned to the bookkeeper for proper charge against the purchaser, and that so far as he knew no goods had gone to his house, except in this regular way. Moreover, after suit, he had the

material that went into his house measured up by a mechanic and proved that all if not more than the measurements showed had been charged to his account.

And not only did defendant fail in his proof of the truth of the matters spoken, but in addition he admits that he had not only made these accusations to other officers and stockholders of the company, but had published the same to outsiders, not stockholders or directors, and in no way interested in the affairs of the corporation, and that he did not care who knew it.

The first point of error is the admission of certain evidence of witnesses, objected to as irrelevant, and covered by plaintiff's bill of exceptions number two. We have examined this evidence and are of opinion that while most, if not all of it, was probably harmless, it was for the most part immaterial and irrelevant to any issue in the case, and its tendency was to raise immaterial issues and to becloud the real and only issue in the case, and should have been rejected. We think it unnecessary to do more than respond in this general way to this point of error.

The refusing of certain instructions for plaintiff and the giving of others for defendant is also relied on to reverse the judgment. The court gave three instructions for plaintiff covering the law of the case in general, as follows: (1) That if the jury believed from a preponderance of all the evidence that defendant within one year next preceding the bringing of the suit used of and concerning plaintiff to persons not then pecuniarily interested in the hardware company the language charged in either the first or second counts of the declaration, then malice should be presumed, and the jury should find for plaintiff and assess his damages at such an amount not exceeding five thousand dollars, as the jury should believe him entitled to under the evidence and circumstances in the case; (2) That although the matter charged in the first and second counts might under certain circumstances constitute a qualified privilege, nevertheless if when disclosing the information to the directors and stockholders of the company defendant was actuated by mal-

ice towards plaintiff, the language used, if the jury believe it was used, was no longer privileged, and they should find a verdict for plaintiff; (3) That if they believed from a preponderance of all the evidence that defendant did use of and concerning the plaintiff the language charged in either the first or second count of the declaration to persons not pecuniarily interested in the hardware company, they should find for the plaintiff, and assess his damages at a sum not exceeding five thousand dollars; and that in arriving at the amount of the damages they should include such sum as they might consider full compensation for mental and bodily suffering of the plaintiff directly resulting therefrom, the amount to be determined by the jury from the facts and circumstances shown by the evidence, and without reference to the opinion of witnesses in the case.

Three instructions proposed by plaintiff were rejected, substantially as follows: (a) That under the pleadings and evidence in the case plaintiff was entitled to a verdict for such damages, not exceeding five thousand dollars, as the jury might think proper under the facts and circumstances shown in evidence; (b) That under the pleadings and evidence in the case plaintiff was entitled to a verdict and the jury should so find. This instruction is substantially covered by the one just preceding it; (c) That in a case of this nature malice is presumed unless the matter of the communication is privileged, that in this case the accusation against plaintiff was not privileged, except as communicated to those pecuniarily interested in the hardware company, and as to them if the jury should believe from the evidence that the defendant had actual knowledge that the charges were false, or that in making them he had a reckless indifference to the truth or falsity thereof, the matter was not privileged.

We are of opinion that these three latter instructions embodied correct legal propositions, and that in view of the fact that the defendant failed in his proof of the truth of the matter charged plaintiff was entitled at least to a verdict and judgment for nominal damages; the amount of the damages was of course for the jury to determine under all the facts and circumstances shown in evidence.

For the defendant, over plaintiff's objection, the court gave four instructions, which are complained of, substantially as follows: (1) That if the jury believe from the evidence that plaintiff's general reputation for honesty and fair dealing at and before the alleged speaking of the words in question was bad the jury had the right to take this fact into consideration in mitigation of damages only; (2) That if they believed from the evidence that any witness had wilfully testified falsely on any material point they were at liberty to disregard the entire testimony of the witness; (3) That a communication made in good faith upon any subject matter in which the party communicating it has an interest, or in reference to which he has a duty to perform, public or private, moral or social, and if made to a person having a corresponding interest or duty, is a qualified privilege, unless the jury believe from the evidence such words were maliciously spoken; (4) That if the jury believed from the evidence that the plaintiff at the time the defendant is alleged to have spoken the words complained of had a bad reputation for honesty and fair dealing, then this fact should be taken into consideration in assessing damages, etc.

We see nothing wrong with the legal propositions covered by these instructions, except as to the second. The form of that instruction seems to be in conflict with our decisions on the subject. *State* v. *Wilson,* 74 W. Va. 772, 781, and cases cited. According to our decisions the jury should be left at liberty to disregard the whole of the testimony of such witness, or to give it such weight and credit as in their judgment under all the facts and circumstances in the case it is entitled to. The jury being the sole judges of the credibility and weight to be given to the testimony of witnesses, the court cannot by an instruction directly or impliedly tell them that they should disregard any evidence.

One of the principal contentions of the defendant seems to be that the words spoken by him to the directors and stockholders of the corporation were absolutely privileged, and that the absence or presence of malice is immaterial, but his third instruction does not go this far. He relies on *Ward* v. *Ward,* 47 W. Va. 766, for his broad proposition which does

not support his contention. This is not a case of absolute privilege. Such privileges relate to proceedings of legislative bodies, judicial proceedings, and military and naval officers. Newell on Slander and Libel, (3rd ed.) sections 505 to 508, inclusive. In cases of qualified privilege the rule in *Ward* v. *Ward, supra,* is that the onus lies on the plaintiff to prove actual malice. The rule applicable to this case is correctly stated in defendant's instruction number three referred to. Malice in such cases is of course a question for the jury.

But in the case at bar the defendant did not limit his communication to persons like himself interested in the business of the hardware company. He went outside and communicated the same matters to disinterested persons, and to make out his defense the burden was upon him to show, on proper plea or notice, the truth of the matters uttered. Having failed to present such a case, as we view the evidence, plaintiff was entitled to a verdict.

We are, therefore, of opinion to reverse the judgment, set aside the verdict, and award the plaintiff a new trial.

*Reversed, verdict set aside, and new trial awarded.*