# . CHARLESTON.

## STATE V. GLEN B. RINGER

'Submitted September 16, 1919. Decided September 23, 1919.

1. INDICTMENT· AND INFORMATION—*Breaking and Entering Railroad Car—Indictment—Misjoinder of Offenses—Demurrer.*

    The charge in the second count of an indictment for house breaking and larceny that the defendant "afterwards" without breaking did enter the particular car alleged to have been broken and entered in the first count but referring to the same car by number and alleging the commission of the offense on the same day as the offense alleged in the first count, is not bad on demurrer for misjoinder of offenses unrelated to the same transaction, and the demurrer is properly overruled. (p. 548).

'2. SAME.

    Nor is the third count in such indictment bad on demurrer for misjoinder of unrelated offenses, which charges the larceny of certain goods not specifically described in either of the two preceding counts but which lays the time on the same day as the offenses charged in the previous counts. (p. 549).

·3. CRIMINAL LAW—*Breaking and Entering Railroad Car—Harmless Error in Admitting Evidence.*

    On the trial of such indictment the admission of evidence of the possession of other goods by defendant in the same room where the goods alleged to have been stolen were stored, and which the evidence tends to show were also stolen by defendant, does not constitute reversible error, in the absence of evidence showing that defendant was prejudiced thereby. (p. 549).

·4. SAME—*Instruction—Reasonable Doubt.*

    An instruction on the subject of reasonable doubt telling the jury that "what they believe from the evidence as men they should believe as jurors," many times condemned, is erroneous and may constitute reversible error. (p. 550).

·5. SAME—*Credibility of Witness—Instruction.*

    An instruction telling the jury that they may believe or refuse to believe any witness is erroneous. An instruction covering this subject should state the law substantially as the one approved in *State* v. *Staley,* 45 W. Va. 792. (p. 551). .

·6. SAME—*Erroneous Instruction Cured by Good Instruction.*

    A bad instruction is not cured by a good one properly stating the law of the case, given at the instance of the same or another party to the action. (p. 551).

. **7.**  SAME—*Abstract Instruction—Refusal.*

> An instruction containing a mere abstract proposition of law not applicable to the facts proven is properly rejected by the trial court.  (p. 552).

Error to Circuit Court, Wood County.

Glen B. Ringer was convicted of breaking and entering a railroad car, etc., and he brings error.

*Reversed and remanded.*

*W. R. Brown,* and *R. E. Bills,* for plaintiff in error.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, and *James S. Wade,* for the state.

MILLER, PRESIDENT:

Found ''guilty as charged in the within indictment,'' the judgment upon the verdict of the jury complained of was that defendant be confined in the penitentiary of this State for the period of three years.

Numerous points of error are relied on for reversal. The first we will consider is that the court upon the prisoner's motion should have quashed the indictment and each of the three counts thereof, upon two grounds: (1) that each of the counts charges a separate and distinct offense, (2) that the third count in no way connects the offense therein charged with the offenses alleged to have been committed by the defendant in the first and second counts by reference thereto or in time, place or circumstances, wherefore not properly joined in an indictment for the other offenses with which he is therein accused.

The first count charges the defendant with having on the _____day of December, 1917, feloniously broken and entered a railroad car number 67658 belonging to the Chicago & Northwestern Railway Company, a corporation, in the possession of the Baltimore & Ohio Railroad Company, with intent the goods and chattles of the latter company in the said car feloniously to steal and carry away. The second count charges that defendant *afterwards* to-wit, on the_____ day of December, 1917, without breaking did enter the same

car, with like intent. The third count avers that defendant, on the........day of December, 1917, in Wood County, twenth-three (23) quarts of whiskey of the value of one dollar and fifty cents per quart and of the aggregate value of thirty-four dollars and fifty cents, the goods and chattles of the Baltimore and Ohio Railroad Company, then and there being found, unlawfully and feloniously did steal, take and carry away.

To sustain their contention that the second count is in no way connected with or related to the crime charged in the first count, counsel for defendant lay much emphasis on the word ''afterwards,'' contending that by the use of that word the grand jury intended another and distinct crime, not related to the one alleged in the first count, or arising out of the same transaction. We think this contention not well founded. Though the two counts charge different and distinct offenses, they are related to each other by reference to the same car number, the ownership and possession thereof, and of the goods therein, and we do not think the word ''afterwards'' in the second count should be construed as referring to a different transaction than that charged in the first count and so as to render it improper within the rules of criminal pleading to include the two offenses in the same indictment. If after breaking and entering, the defendant at the same time and in the same connection re-entered without breaking with the same intent charged, the acts would be so connected as to constitute one continuous act, and the two offenses might well be said to arise out of that transaction, justifying the joining of the two counts. If all of the offenses charged in one or more counts of an indictment represent but one continuous transaction, it is well settled in this State and in Virginia that they may be so joined as distinct offenses in different counts, and that where properly joined as distinct offenses, and unless they appear on the face of the indictment to involve a different transaction, a motion to quash for misjoinder should be overruled. *State* v. *Smith,* 24 W. Va. 814, 818; *State* v. *Shores,* 31 W. Va. 491, 495; *State* v. *McClung,* 35 W. Va. 280, 282, and cases cited; *Dowdy* v. *Commonwealth,* 9 Gratt. Anno.

728, and note; *Benton's Case,* 91 Va. 782; *Hausenfluck,* v. *Commonwealth,* 85 Va. 702.

It is said however of the third count that the offense charged appears in no way connected in time, place or circumstance with those charged in the first and second counts. But the time is the same in all three counts; the offense is of the same general character, and while the goods alleged to have been stolen are not identified as those referred to in the previous counts, it does not appear that they are not, and the rule is that where it does not appear on the face of the indictment that the offenses charged represent distinct transactions, a motion to quash should not prevail. Should it afterwards appear, however, that the offenses charged in the several counts are not properly joined, the court may then require the State to elect upon which of the counts it proposes to stand, and proceed with the trial. *State* v. *Shores, State* v. *Smith, Hausenfluck* v. *Commonwealth, supra,* and other cases cited *supra.* So we think the motion to quash and the subsequent motion in arrest of judgment, so far as based on the ground of misjoinder, were properly overruled.

Numerous exceptions were taken and saved by bills of exception to the rulings of the court on the admission of testimony of several witnesses as to the finding of other goods in the room and possession of the defendant, some of which were identified as having been taken from the railroad car mentioned in the indictment. Among them is an exception to the admission of a statement in writing signed by defendant and proven by the officers who searched his room and found whiskey described in the third count, in which defendant purported to confess to the taking of the goods from the Baltimore and Ohio Railroad Company, of which he was an employee. We do not see how this evidence, though not particularly relevant, could have misled the jury or prejudiced the defendant. If the jury believed he made the written statement confessing the offenses charged in the indictment as testified to by the witnesses, and that the goods other than the whiskey were stolen by him, the evidence tended to show guilty intent, one of

the issues on the case. For such purpose evidence of other crimes and of goods found in defendant's possession is sometimes admissible. *People* v. *Molineux*, 168 N. Y. 264, 62 L. R. A. 193, note relating to larceny p. 231, and cases annotated.

Complaint is made of the instructions to the jury, six in number, given at the instance of the State. Instructions number one, two, four and six present correct legal propositions pertinent to the issues and evidence in this case, and having been frequently approved in prior decisions, it is unnecessary to repeat what has many times been said of them in other cases. Instructions number three and five have been repeatedly condemned by this court, number three as not necessarily calling for reversal unless shown to have been prejudicial, but not so as to instruction number five. Number three told the jury "that a reasonable doubt is not a vague or uncertain doubt and that what the jury believe from the evidence as men they should believe as jurors." Number five told the jury "that they are the sole judges of the evidence and that they *may believe or refuse to believe any witness* and that when passing upon credibility of witnesses they may take into consideration his interest in the matter in controversy, the reasonableness or unreasonableness of his statement, his bias or prejudice in the matter, if any appear, and his demeanor upon the witness stand."

Instruction number three we have many times and recently considered and said that it ought not to be given. We do not understand why counsel and some of the trial courts persist in the use of this instruction. The last case referred to and citing the previous cases considering it is that of *State* v. *Price*, 83 W. Va. 71, 97 S. E. 582. The giving of this instruction always imposes upon us the burden of determining in the particular case whether the party resisting it has been prejudiced thereby, not always an easy deduction, and one which the court ought not to be called upon to determine. In this case we have concluded that the judgment must be reversed upon another ground, and we are relieved thereby from determining whether the instruction was prejudicial.

Instruction number five, we think, was wrong and preju-dicial. It was plainly intended to apply alone to the evidence of the prisoner. Section 19, chapter 153 of the Code, makes the accused competent to testify in his behalf, and it is not proper on his trial when accused of crime to tell the jury that they may at their will believe or refuse to believe his testimony, or that of any other witness. The only authority cited by the State to justify this instruction is *State* v. *Staley*, 45 W. Va. 792, 797, approving instruction number four given in that case. But instruction number four in that case is quite different in its terms and import from number five in this case, condemned in *State* v. *McCausland*, 82 W. Va. 525, 96 S. E. 938. The instruc-tion approved in *State* v. *Staley* did not tell the jury they might believe or refuse to believe any witness. After telling them that they were the sole judges of the weight of the testimony and that they had the right to take into considera-tion the credibility of each witness as disclosed from his evidence etc., it did not tell them that they might believe or disbelieve the witness, as the jury were told in this case, but that if they believe any witness had testified falsely as to any material fact, they had the right to disregard all the evidence of such witness, or any part thereof, or give it such weight as in their opinion it was entitled to. That instruction properly embodied the law on this subject, but it is unlike the instruction here, which was specifically con-demned in *State* v. *McCausland*. In the recent cases of *Siever* v. *Coffman*, 80 W. Va. 420, referring to the previ-ous case of *State* v. *Wilson*, 74 W. Va. 772, 780, we held it to be error to tell the jury they might disregard the entire testimony of a witness unless told in the same connection that they might give it such weight as in their judgment under all the facts and circumstances in the case it was entitled to.

Defendant's instruction number four is substantially the instruction approved in *State* v. *Staley*, but as a general rule a bad instruction is not cured by the giving of a good one. *Cobb* v. *Dunlevie*, 63 W. Va. 398; *State* v. *Michael*, 74 W. Va. 613, 621; *Stuck* v. *K. & M. Ry. Co.*, 78 W. Va. 490.

The instruction does not represent an incomplete statement of the law which, under authority cited by counsel, may be cured by another complete instruction, but propounds a proposition which is not law, and is not cured by another instruction propounding the law correctly.

Of the rejection of defendant's instructions complaint is also made. Ten were proposed on his behalf. Numbers three, five, seven, eight and ten were rejected. Of those rejected three and seven, relating to the burden of proof and reasonable doubt, were substantially covered by number one, given. Instruction number five would have told the jury that there is no different rule for them to follow in weighing the testimony of the defendant than that of any other witness. This would be to disregard the interest, bias and prejudice of the defendant, always present in a criminal indictment, and would be misleading. The correct rule was stated in defendant's instruction number four given to the jury. *State* v. *Staley, supra*.

Instruction number eight would have erroneously propounded the abstract proposition "that the mere possession by one of stolen property is not *prima facie* evidence that he is the thief." If a correct statement of the law, it does not cover the case, because much other evidence was before the jury tending to show defendant's guilt. Such possession may not amount of itself to prima facie evidence of guilt, as we held in *State* v. *Littleton,* 77 W. Va. 804, 88 S. E. 458. But as this case holds the exclusive possession and control of property recently stolen are circumstances tending to show guilt, which the jury may consider in connection with all the other circumstances and facts in proof. The instruction being wholly abstract was properly refused. *Parker* v. *National Mut. Build. & Loan Association,* 55 W. Va. 134.

Instruction number ten proposed to tell the jury that if they believed from the evidence beyond a reasonable doubt that defendant did take and carry away the whiskey mentioned and described in the indictment, but the evidence left them in doubt as to the value thereof and as to whether it was worth twenty dollars or more, at the time and place

taken, then they should find the defendant guilty of petit
larceny, a misdemeanor punishable by confinement in jail
not to exceed one year.    But there stands counts one and
two charging defendant with the offense of house break-
ing, and entry without breaking, with felonious intent,
and as to which the value of the property stolen is not
material, wherefore this instruction would have withdrawn
from the jury the questions depending on those counts.
We know it is contended that there was no evidence of
the breaking, or entry without breaking with felonious in-
tent, but that question will be disposed of when we come to
consider the alleged error in overruling defendant's motion
for a new trial and in arrest of judgment.    It is proper to
say in this connection, however, that in our opinion the value
of the twenty-three quarts of whiskey found in the posses-
sion of defendant at the time and place alleged was more
than twenty dollars, sufficient to constitute the felony charg-
ed in the third count.

The motion of defendant to set aside the verdict and award
him a new trial, and in arrest of judgment, overruled, are
relied on as errors.    These motions were predicated on
three grounds:  (1)  The theory of a bad indictment, al-
ready disposed of;  (2)  Alleged variance between the alle-
gata and probata;  (3)  The theory that no lawful judgment
could be pronounced against defendant on the general verdict
of guilty not limited to the third count, for want of suffi-
cient evidence to support either of the other counts.    As
there is to be another trial we do not wish to be under-
stood as expressing an opinion on the weight and credibility
of the evidence on the question of the defendant's guilt of
breaking or entering without breaking the railroad car as
charged in the first and second counts.    All that it is neces-
sary for us to say at this time is that there was evidence
tending to show guilt of these offenses.    That the car was
broken and entered is fully established; that the whiskey
and containers found in the possession of the defendant
were a part of the goods contained in the car is support-
ed by the evidence, and unless defendant's written admis-
sion to the officers causing his arrest was changed after he

signed it, a fact for the jury, he confesses taking the liquor from the Baltimore and Ohio Railroad Company, though not specifying the car from which it was taken. But can it be doubted that this and much other evidence was competent to go to the jury on the question of defendant's guilt of the crimes charged in the first and second counts? We think not. So that on the principles of *State* v. *McClung,* syllabus 4, and *State* v. *Littleton,* syllabus 1, relied on, there was evidence enough to go to the jury on the question of guilt or innocence of the defendant of these offenses, and in support of the offense of house breaking. Counsel for defendant are in error in assuming that the State did not attempt to prove defendant broke or entered the car.

Nor is counsel for defendant correct in assuming that the State wholly failed to prove the car broken open and from which the whiskey and other property was taken was the car of the Chicago and Northwestern Railway. There was ample evidence that the car bore the initials "C. & N. W." The way bill in evidence showed these initial letters, and witnesses explained that these letters indicated that it was the property of that company. True, it was held in *State* v. *Hill,* 48 W. Va. 132, that the charge in an indictment that the accused broke and entered a sealed box car, the property of the Pittsburg, *Cincinnati,* Chicago, & St. Louis Railroad Company was not sustained by proof tending to show that the accused broke and entered a freight car belonging to the Pittsburg, *Cleveland,* Chicago & St. Louis Railroad Company, or the C. C. & St. L., or the B. & O. R. R. Co. But there was no proof of ownership in this case other than that the initial letters on the car indicated that it was the property of the company described in the indictment. In the absence of any evidence to the contrary, we think the proof was sufficient to carry the case to the jury on the question of ownership of the car.

For the errors referred to committed on the trial, the judgment will be reversed, the verdict set aside, and the defendant will be awarded a new trial.

*Reversed and remanded.*