STATE OF WEST VIRGINIA *v.* F. D. COBB

(No. 8966)

Submitted February 6, 1940. Decided February 20, 1940.

*Emmet F. Scaggs* and *Capehart & Miller,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

RILEY, PRESIDENT:

The defendant, F. D. Cobb, was indicted and convicted in the circuit court of Logan County for the larceny of $77.00, and sentenced to confinement in the penitentiary for the period of five years.

The conviction was procured largely upon the testimony of one H. E. Wright, who was superintendent of Aracoma High School, in Logan County for the school years 1936-1937 and 1937-1938, during which time the defendant Cobb was the assistant county superintendent of schools of Logan County in charge of negro schools. In connection with the Aracoma High School, certain funds were received from the operation of a cafeteria, athletic activities, and other entertainments. The $77.00 in question was represented by a check dated October 29, 1936, which was delivered by Wright to Cobb and drawn on funds deposited in Wright's name in The National Bank of Logan. When this check was issued, the funds derived from the cafeteria and other activities were commingled with Wright's own funds.

Wright testified that defendant had told him that Aracoma High School, together with other schools in the county, were to turn over certain funds monthly to the board of education, that Wright's school was to furnish a

fund of $40.00 a month and that, in accordance with these instructions, Wright gave to Cobb a total of ten checks aggregating $356.10, the first being the check upon which the indictment was based. On the contrary, the defendant denied this conversation and stated that the money was given to him by Wright to repay certain loans made to the latter by Cobb and by James Robinson and J. F. Wade, teachers in Logan County. Both Robinson and Wade testified in corroboration that they had, in fact, made loans to Wright which had been repaid by Wright through Cobb.

The record in this case is replete with recitals tending to show that acrimony lay between Wright and Cobb. The charges and counter-charges contained therein are numerous indeed. No useful purpose will be served by their narration here. Suffice to say that on the main factual question of defendant's guilt or innocence the evidence is in clear conflict and sufficient to sustain the verdict of the jury.

The first assignment of error involves the giving of state's instruction No. 1. This instruction told the jury in effect that if they should believe from the evidence beyond a reasonable doubt that the defendant obtained the sum of $77.00 in question from the witness Wright by means of false representations, they should find defendant guilty as charged in the indictment. Defendant's counsel say that this instruction is erroneous because it fails to present to the jury the question whether the defendant at the time the money was obtained entertained the felonious intent of stealing it. The attorney general likewise admits error in the instruction; but suggests the error was cured by defendant's instruction No. 4. Of course, if not so cured, there is prejudicial error. "To warrant conviction for larceny, embezzlement, or of obtaining goods or money by false pretenses, the accused must have had the present intent to commit the offense at the time; and an instruction to the jury omitting this element in the several offenses, is erroneous." *State* v. *Smith,* 97 W. Va. 313, 125 S. E. 90, Pt. 1, Syl. See also:

*State* v. *Edwards,* 51 W. Va. 220, 41 S. E. 429, 59 L. R. A. 465; and *State* v. *Chambers,* 22 W. Va. 779, 46 Am. Rep. 550. Defendant's instruction No. 4, however, does not have the qualities suggested by the attorney general. Nowhere does it present to the jury the question whether defendant entertained a felonious or fraudulent intent. True, it leaves to the jury the question whether or not the money was paid by Wright to Cobb by prearrangement, and with full knowledge of the parties concerned, but prearrangement and knowledge are not tantamount to a felonious intent. Moreover, instruction No. 4, even if it did supply the necessary element of intent, will not cure the defect of instruction No. 1, because the latter instruction is not, as suggested by the attorney general, merely incomplete. It is binding and erroneous and cannot be cured by other instructions. "A bad instruction is not cured by a good one given to the jury and with which it is in conflict." Pt. 2, Syl., *State* v. *Garner,* 97 W. Va. 222, 124 S. E. 681. Accord: *Meyn* v. *Dulaney-Miller Auto Co.,* 118 W. Va. 545, 191 S. E. 558; *Liston* v. *Miller,* 113 W. Va. 730, 169 S. E. 398; *Shaver* v. *Consolidated Coal Co.,* 108 W. Va. 365, 151 S. E. 326; *State* v. *Ringer,* 84 W. Va. 546, 100 S. E. 413; *Stuck* v. *Kanawha & Michigan Ry. Co.,* 76 W. Va. 453, 86 S. E. 13.

Defendant's counsel say further that instruction No. 1 is bad because it authorized the jury to convict the defendant if the sum in question was obtained by the defendant "from the control and possession of" Wright. This objection directs our attention to the question whether or not there is a variance between the indictment and the proof. The instant indictment describes the $77.00 as being "of the goods, property, chattels and moneys of one Howard E. Wright." The evidence clearly shows that, though the money belonged to the board of education of Logan County, it was in Wright's actual possession and control. Proof of such possession is sufficient. "On the trial of one charged with larceny or embezzlement of goods proof of actual or constructive possession of the goods by

the one alleged in the indictment to be the owner thereof is sufficient." *State* v. *DeBerry,* 75 W. Va. 632, 84 S. E. 508, Pt. 2, Syl. Accord: *State* v. *Heaton,* 23 W. Va. 773; *State* v. *Chambers,* 22 W. Va. 779, 46 Am. Rep. 550.

Error is assigned to the refusal of the court to give defendant's instruction No. 3, which purports to define the requirements of unanimity of the jury in the finding of the verdict. *State* v. *McKinney,* 88 W. Va. 400, 106 S. E. 894, is cited. This instruction, however, is fully covered in defendant's instruction No. 7.

Complaint is also made to the ruling of the trial court in permitting the state in its cross-examination of accused, to inquire concerning a contemporaneous embezzlement indictment involving three more of the checks, which Wright had testified he gave to Cobb to cover the alleged assessment against the cafeteria fund. In connection with his examination in chief, Cobb introduced two receipts, one purporting to be signed by Wade, for $27.00, and the other by Robinson, for $50.00, in support of his testimony that the $77.00 check, upon which he was being tried, was taken from Wright to apply on the latter's indebtedness to Wade and Robinson. The state, after a rather exhaustive cross-examination in reference to receipts, if any, taken for the other amounts covered by the several checks, was permitted, over objection and exception, to confront the accused with the embezzlement indictment, and to show that the three checks listed in **said indictment** corresponded with those for which accused had taken receipts, and further that he did not have receipts for the other six checks. After the admission of this evidence the court, at the instance of the prosecuting attorney, instructed the jury that the sole purpose of the embezzlement indictment was to go to the veracity of the accused, and as to the authenticity of the several receipts. The introduction of the foregoing indictment, we think, constituted prejudicial error. An indictment is merely an accusation and no evidence of guilt. Such evidence can have no other effect than to prejudice the ac-

cused's case in the eyes of the jury, and all attempts to bring such facts before the jury merit the strongest condemnation by the courts. Prosecuting attorneys should not allude to them, and trial courts should not tolerate the practice.

The defendant also complains of a volunteer statement made by Wright on cross-examination to the effect that the witness was not reappointed because he failed to pay over and collect certain assessments from the teachers under his supervision. Of course, as suggested by the defendant's counsel, the prosecuting attorney was not responsible for Wright's answer, but it in fact constituted an attack upon defendant's character prior to the time defendant had placed his own character in issue. The answer, however, was not responsive to the question and the prompt instruction of the court which told the jury to disregard the irresponsive part of the answer purged the answer of whatever prejudice might have lain therein.

The cross-examination of the witness Beattie as to rumors against defendant's character while improper does not ground reversal; and Beattie's arrest in the presence of the jury in view of his conduct in open court was entirely justifiable and certainly could not have prejudiced the jury because it was patent that the arrest was made on account of his conduct and not because of the testimony which he gave. We think that the defendant was not prejudiced by the refusal of the court to permit him to explain why a note was not given for Wright's indebtedness to defendant, and finally the testimony of Dr. Elliott in rebuttal was simply cumulative and comes clearly within the rule that a trial court has a wide discretion in regulating the conduct and course of a trial. The leading West Virginia case of *State v. Williams,* 49 W. Va. 220, 38 S. E. 495, is exactly in point, and is cited with approval in the following cases: *State v. Littleton,* 77 W. Va. 804, 809, 88 S. E. 458; *Wills, Admr. v. Montfair Gas Coal Co.,* 104 W. Va. 12, 26, 138 S. E. 749; *State v. Warner,* 106 W. Va. 409, 412, 145 S. E. 754; *State v. Phares,* 108 W. Va. 273, 275, 151 S. E. 186; *Keatley, Admr. v. Hanna Chevrolet Co.,* 121 W. Va. 669, 6 S. E. (2d) 1.

For the foregoing reasons we reverse the judgment of the trial court, set aside the verdict of the jury, and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*